BRUGH v. BIGELOW.

1. NEGLIGENCE—AUTOMOBILES—ACCIDENT—INJURY TO RESCUER.
   Whether or not defendant motorist who was found underneath
   his car after an accident by plaintiff, a passer-by, was guilty
   of negligence and owed duty to plaintiff who was injured while
   effecting defendant's rescue was a question of fact for the
   jury.

2. SAME—PUBLIC HIGHWAY—CRY OF DISTRESS—INJURY TO RESCUER.
   One who issues a cry of distress on a public highway may be
   called upon to respond in damages for injuries suffered by
   passer-by in case the rescued one through his own negligence
   was placed in a position reasonably calling for rescue by a
   passer-by.

3. SAME—RESCUE OF A PERSON IN DISTRESS.
   The wrong that imperils life of a human being is a wrong not
   only to the imperilled victim but is also a wrong to his
   rescuer since attempt to rescue a person in distress is the
   usual and not the unusual thing.

Appeal from Jackson; Simpson (John), J. Submitted October 4, 1944. (Docket No. 39, Calendar No. 42,485.) Decided November 30, 1944.

Case by Jennie Brugh against J. D. Bigelow for personal injuries sustained while engaged in rescuing defendant after an automobile accident caused by his alleged negligence. Case dismissed on motion. Plaintiff appeals. Reversed and cause remanded for further proceedings.

*Charles H. Baker (Felix F. Best, of counsel), for* plaintiff.

Contributory negligence of plaintiff in exposing self to risk, see
2 Restatement, Torts, § 471; contributory negligence of rescuer,
§ 472, comment a; legal cause as affected by attempt to rescue,
§ 445; as to intervening force, § 441 (1), comments c, d, § 442;
normal reaction need not necessarily be reasonable and may involve
risk of personal harm, § 443, comments a, b; conduct in an emergency, § 470.

*Rosenburg, Painter & Navarre,* for defendant.

REID, J.   This action is to recover damages for injuries claimed to have been caused by negligence of defendant in driving his automobile.   Before trial on motion by defendant the court below dismissed the action.

Plaintiff's declaration alleges that on April 26, 1943, at about 7 :20 p.m. defendant was driving his car in an easterly direction on a county highway and drove into an intersection of said highway with an important improved county highway running north and south between the city of Albion and Duck Lake resort at a point some six miles north of Albion in Calhoun county in this State; that he drove his car at an excessive rate of speed 55 to 70 miles per hour, a greater speed than would permit him to stop within the assured clear distance ahead, that in entering the intersection he failed to yield the right of way to northbound traffic and drove without regard to the safety of other traffic using the north and south road; that defendant negligently drove his car without giving any attention to the traffic on said intersecting highway, particularly the automobile being driven by Kenneth Dowding, which was approaching the intersection from the south; that the impact of the collision with Dowding's car caused plaintiff to be attracted by its sound and, observing what had occurred, plaintiff was impelled by the situation created by the defendant to begin giving assistance to the injured; that she was summoned by defendant's cries and, in view of his condition, to go to his aid; that plaintiff observed defendant's automobile resting on its left side with the defendant and his passenger pinned beneath the car; that defendant was lying under the left rear wheel with the license plate of his automobile gouging in his forehead and the passenger, Wesley Swan, was underneath the left running

board; that defendant called for assistance and that plaintiff, after removing the passenger Swan, aided in removing the defendant from underneath the car; that in order to remove the defendant it was necessary to lift the defendant's car; that in lifting the car and in the act of removing defendant the defendant's automobile righted itself, rolled backwards, and struck the plaintiff, throwing her to the ground and seriously injuring her, causing her hip to be fractured and causing her great and permanent injuries described in the declaration. The declaration also alleges that defendant was negligent respecting the duties and matters above recited and, also, that he was negligent in creating a situation that would prompt plaintiff to respond thereto, imperiling her safety and causing her injury.

Defendant appeared and moved to dismiss on the ground that the declaration disclosed no cause of action, that on the basis of the facts set forth in the declaration no legal liability of the defendant is shown, that the facts stated in the declaration will create no liability on the part of the defendant and disclose no duty owed by the defendant to the plaintiff or violation thereof.

Defendant requests that the judgment of the court below dismissing the action be affirmed.

Plaintiff alleges that there was a duty on the part of the defendant to operate his motor vehicle with due care for the safety of others using the highway and those adjacent thereto and cites the case of *LaDuke* v. *Township of Exeter,* 97 Mich. 450 (37 Am. St. Rep. 357). In that case plaintiff's horse caught a hind foot in a hole in the bridge on a public highway maintained by the township and while the horse was struggling to disengage himself, the other hind foot also was caught and the horse fell upon his knee.

Plaintiff, in endeavoring to hold the horse until assistance should arrive, was injured by the struggles of the horse. It was contended that the negligence of the township in failing suitably to maintain the bridge was not the proximate cause of the injury. The court held the negligence of the township to be the proximate cause of plaintiff's injury.

Plaintiff further cited *Wagner* v. *International Railway Co.*, 232 N. Y. 176 (133 N. E. 437, 19 A. L. R. 1), in which case defendant operated a railway between Buffalo and Niagara Falls. Plaintiff and his cousin boarded defendant's car near the bottom of a trestle, and were blocked by other passengers from entering the aisle. The conductor failed to close the door with the result that the excessive speed of the car at a sharp curve threw the cousin, Herbert, out over a bridge. The car stopped at the foot of the incline across the bridge. Plaintiff walked along the trestle 450 feet to a point where he thought he would find his cousin's body, but plaintiff there slipped and fell through the bridge to the ground, sustaining injuries for which the suit was brought. Justice Cardozo, writing the opinion concurred in by the court, said:

"The defendant says that we must stop, in following the chain of causes, when action ceases to be 'instinctive.' By this is meant, it seems, that rescue is at the peril of the rescuer, unless spontaneous and immediate. If there has been time to deliberate, if impulse has given way to judgment, one cause, it is said, has spent its force, and another has intervened. In this case the plaintiff walked more than 400 feet in going to Herbert's aid. He had time to reflect and weigh; impulse had been followed by choice; and choice, in the defendant's view, intercepts and breaks the sequence. We find no warrant for thus shorten-

ing the chain of jural causes. We may assume, though we are not required to decide, that peril and rescue must be in substance one transaction; that the sight of the one must have aroused the impulse to the other; in short, that there must be unbroken continuity between the commission of the wrong and the effort to avert its consequences. If all this be assumed, the defendant is not aided. Continuity in such circumstances is not broken by the exercise of volition. *Twomley* v. *Central Park N. & E. River R. R. Co.,* 69 N. Y. 158 (25 Am. Rep. 162); *Donnelly* v. *H. C. & A. I. Piercy Contracting Co.,* 222 N. Y. 210 (118 N. E. 605); *Bird* v. *St. Paul Fire & Marine Insurance Co.,* 224 N. Y. 47, 54 (120 N. E. 86, 13 A. L. R. 875). So sweeping an exception, if recognized, would leave little of the rule. 'The human·mind,' as we have said (*People* v. *Majone,* 91 N. Y. 211, 212), 'acts with celerity which it is sometimes impossible to measure.' The law does not discriminate between the rescuer oblivious of peril and the one who counts the cost. It is enough that the act, whether impulsive or deliberate, is the child of the occasion.''

The court ruled the question whether Herbert Wagner's fall was due to defendant's negligence was a question for the jury.

Plaintiff claims defendant owed her a duty to avoid negligently causing an accident that would overturn his automobile on the highway, necessitating rescue and causing injuries incident to the rescue; that defendant by his cries summoned the rescuers. Defendant claims absence of duty to the rescuer and cites *LeDuc* v. *Detroit Edison Co.,* 254 Mich. 86, 91.

In that case the defendant left a work cart with a container filled with gasoline removable by turning a faucet, for which the key was removed, but playmates of the young boy, James LeDuc, produced a key not specially designed for this faucet, removed gasoline, and in carrying gasoline from the cart without any

right so to do, in scuffling with each other, caused gasoline to be spilled on plaintiff's decedent which ignited and caused his death. This Court said on p. 93:

"Imposition of liability on defendant in this case would carry the doctrine of attractive nuisance beyond that of any reported case and would result substantially in creating a duty upon owners of vehicles in the highway to insure children against the opportunity to hurt themselves."

In that case this Court did not sustain the plaintiff's claim that defendant's act was negligent as to any person.

Defendant also cites *Stoll* v. *Laubengayer,* 174 Mich. 701, in which a child was hurt in coasting down an icy path used by pedestrians across which defendant had left his untied team of horses hitched to a wagon. The sled carried the child under the wagon causing the horses to kick her or caused the wheels to run over her and thus her death was caused. The path was on an unimproved side of a street where no sidewalk had been provided. The alleged negligence in so leaving the team was held not the proximate cause of the injuries complained of.

Defendant also cites *Lewis* v. *Railway Co.,* 54 Mich. 55 (52 Am. Rep. 790), in which case a passenger, carried by mistake of the conductor beyond the point where he expected to leave the railroad coach, was caused, through misinformation received from the conductor, to take a different course in the dark from the familiar intended course. His eyes deceived him as he neared a cattle guard, his foot slipped, and in the endeavor to regain his balance he fell into the culvert and received the injuries complained of. The injury was held the result of pure accident.

In the instant case defendant further claims plaintiff was under no obligation or duty to act as she did,

that she voluntarily assumed the risk incident to the removal of the wrecked automobile.

Defendant further cites *Saylor* v. *Parsons,* 122 Iowa, 679 (98 N. W. 500, 64 L. R. A. 542, 101 Am. St. Rep. 283), in which plaintiff went to the rescue of defendant in imminent danger of being overwhelmed by a wall about to collapse upon him which defendant was undermining on private property in which the court held defendant owed plaintiff no duty as a rescuer.

In that case plaintiff was proceeding at his own risk on private property where the safety of others would not necessarily be involved. In the instant case defendant Bigelow was bound by the law of Michigan to exercise due care for the safety of others in his driving upon a public highway.

The factual situation of these three cases differentiates them from the instant case.

As was said by Justice Cardozo in the *Wagner Case, supra,* "Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperilled victim; it is a wrong also to his rescuer."

At this point counsel for defendant makes the distinction that if plaintiff had been injured in the rescue of defendant's passenger, Swan, there would be authority to hold defendant liable but argues that defendant owed no duty to himself not to make himself an object of necessary rescue and hence he is to be absolved of liability.

We can make no such distinction of duty in defining the duties of drivers of automobiles on the highways of this State. This was a roadside where passers-by would be expected to stop and render needful assist-

ance. Defendant's claim that he owed himself and his rescuer no duty is without merit. His cries for help belied his claimed freedom from duty. Defendant further argues that rescue is unusual and that it is an unusual thing and therefore not to be anticipated that passers-by would respond to relieve known dire necessity resulting from an automobile accident. We understand the contrary to be the case.

Whether the defendant was negligent, and if so, whether such negligence was the proximate cause of the injury, are questions for the jury.

The judgment dismissing plaintiff's action is reversed, and cause remanded to circuit court for further proceedings. Costs of both courts to plaintiff.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.