**LONGACRE v. REDDICK.**

No. 14985.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 12, 1948.

Rehearing Denied Dec. 17, 1948.

Frank H. King, of Terrell, Allen, Locke & Kouri, of Wichita Falls, and Barnes & Barnes and W. H. Barnes, all of Terrell, for appellant.

Nelson, Montgomery & Robertson, all of Wichita Falls, and Chaney & Davenport and F. B. Davenport, all of Dallas, for appellee.

## McDONALD, Chief Justice.

A truck loaded with butane gas, owned by appellee J. E. Reddick, and driven by his employee J. T. Abbott, collided with another truck in Wichita County. When the collision occurred some of the butane gas spilled onto the ground and became ignited. Appellant Ward Longacre was walking along the highway a short distance from the point of collision. Seeing the driver Abbott apparently unconscious in the cab of the truck, Longacre rushed to the truck to rescue him, pulled him out of the truck and started away from the truck with him. When he was only a few feet away the gas in the truck exploded, causing Longacre to be severely burned.

Longacre sued Reddick and Abbott in Wichita County. Each of the defendants filed a plea of privilege to move the case to the county of his residence. The court overruled Abbott's plea and sustained Reddick's plea, ordering the cause moved to Dallas County as against Reddick. Longacre has appealed.

Findings of fact and conclusions of law filed by the trial court are to the effect that Abbott was negligent in driving his truck on the wrong side of the road and that such negligence was a proximate cause of Longacre's injuries. The findings and conclusions show that the trial court sustained Reddick's plea on two grounds. One was that any active trespass or crime committed by Abbott had ceased and come to an end when the truck came to a stop, prior to the time Longacre left his place of safety to rescue Abbott. The other was in effect that there was no negligence on Reddick's part as between him and Abbott, the driver of the truck, that Abbott could not have claimed damages as against Reddick, and that Longacre could not recover damages from Reddick unless the person whom he rescued, to-wit, Abbott, could have recovered from Reddick.

Recovery has been allowed in many cases to a plaintiff who had rescued some one from peril where the latter had been placed in the position of peril as a result of the negligence of defendant. Many cases, including several from Texas, are listed in annotations in 19 A.L.R. 4 and 158 A.L.R. 190.

The gist of the holdings is that the rescue is something that might reasonably be foreseen by the negligent defendant and is a natural and probable consequence of his negligence, and that the rescuer is not guilty of contributory negligence as a matter of law in risking loss of his own life or serious injury to himself, provided the rescue attempt is not recklessly or rashly made, and that contributory negligence is ordinarily a question for the jury to decide.

Appellee Reddick contends that a rescuer has no cause of action against a defendant unless the rescued person himself has a cause of action against the defendant. Reddick says that as between himself and Abbott, the driver, there was no negligence on Reddick's part. He says that Abbott

was not put into his position of peril through any negligence on Reddick's part. He cites such cases as Texas & N. O. R. Co. v. Scarborough,· Tex.Civ.App., 104 S.W. 408, 410, affirmed in case bearing the same style, 101 Tex. 436, 108 S.W. 804, where it is said that "the sine qua non of recovery in such a case is that the imminent peril from which one is sought to be rescued was caused by the negligence of the defendant." The language of this opinion and others cited by appellant must be read in the light of the facts there under discussion. In the cited case the court was endeavoring to determine whether the evidence was sufficient to show any negligence on the part of the defendant railroad company. The servant there charged with negligence was not the one who was rescued. The court did not have before it the problem which is presented in the case now on appeal.

■■ The underlying basis of the rescue doctrine is that the defendant negligently created a situation which provoked the rescue effort, and that the rescuer's resulting injury was something that could reasonably have been foreseen by the negligent defendant, and was a natural and probable result of such negligence. Liability is not imposed on Reddick in this case by reason of any negligent or wrongful act committed by Reddick. Liability is imposed on him because he was the master of a servant whose negligent conduct caused an injury to the plaintiff. In determining whether there is any negligence, we examine the conduct of the servant, not that of the master. The trial court has found from sufficient evidence that the servant was negligent, and that his negligence was a proximate cause of the plaintiff's injury. It is not disputed that the servant was in the scope of his employment, so liability falls on the master by application of the law governing the master and servant relation. "By legal intendment, the act of the employee becomes the act of the employer, the individuality of the employee being indentified with that of the employer. The latter is deemed to be constructively present; the act of the employee is his act, and he becomes accountable as for his own proper act or omission.

The law imputes to the master the act of the servant, and if the act is negligent or wrongful, proximately. resulting in injury to a third person, the negligence or wrongful conduct is the negligence or wrongful conduct of the master for which he is liable * * *." 35 Am.Jur., p. 973.

The rescued person here was put into the position of peril through the negligence of a servant of the defendant Reddick. The servant's negligence, which under the law is imputed to the master,. was a proximate cause of the injuries suffered by the plaintiff. It is not material, from the plaintiff's standpoint, that the negligent servant was the one who was rescued. The case is not basically different from Brugh v. Bigelow, 310 Mich. 74, 16 N.W.2d 668, 671, 158 A.L.R. 184, where liability was imposed on the negligent operator of an automobile, who was·rescued by the plaintiff who suffered injury in making the rescue. In the cited case the defendant argued that he owed no duty to himself not to make himself an object of necessary rescue. The court said:

"We can make no such distinction of duty in defining the duties of drivers of automobiles on the highways of this State. This was a roadside where passers-by· would be expected to stop and render needful assistance. Defendant's claim that he owed himself and his rescuer no duty· is without merit."

Appellee Reddick argues that any active trespass of his driver had become passive, in that the truck had come to a complete stop before appellant Longacre left his position of safety to make the rescue. He cites such cases as Sherrod v. Bird, Tex.Civ.App., 155 S.W.2d 422, and Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276. It was held in the first cited case that venue would not lie in the county where the injuries were sustained because "the acts of appellants in furnishing the gas system and of their employees· in bending and inserting the pipe had been. fully completed before the force was set in motion which caused the injury and death of Mrs. Bird." [155 S.W.2d 425.] In Odom v. Parker, Tex.Civ.App., 173. S.W.2d 328, 331, a gas explosion case, it.

was held that since "the negligent conduct of Odom and his employees had been fully. completed long before the explosion, it is clear to us that such negligence, under the undisputed record, had become passive as distinguished from active."

We do not agree with appellee as to the application of the rule of the cited cases to the facts before us. Here the gas was spilled on the ground in the vicinity of the truck and was ignited in the course of the collision. The fire burned toward the truck and within a few moments the gas in the truck exploded. We do not have a situation where the force of the collision had been spent, and some new force had been set in motion which, coupled with the condition created by the collision, resulted in injury to the plaintiff. The fire was an immediate product of the collision, it was still burning when the rescue effort was. begun, and it culminated in the explosion. Although composed of several parts, it was but a single event.

The judgment of the trial court is reversed, and judgment is here rendered overruling appellee Reddick's plea of privilege.