REDDICK et al. v. LONGACRE et al.

No. 15109.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 24, 1950.

Rehearing Denied March 24, 1950.

See also 215 S.W.2d 404.

266

Kemper, Wilson & Schmidt, all of Houston, Nelson, Montgomery & Robertson, all of Wichita Falls, Chaney & Davenport, and Francis M. Chaney, all of Dallas, for appellants.

Frank H. King, of Terrell, Allen, Locke & Kouri, all of Wichita Falls, and Barnes & Barnes, and W. H. Barnes, all of Terrell, for appellee Ward Longacre.

Dawson, Jones & Parish, all of Wichita Falls, for appellees V. L. McCurdy, J. L. Bailey and C. R. Jackson, designated as Third Party Defendants.

HALL, Justice.

Appellee Ward Longacre sued appellants J. E. Reddick and his truck driver, J. T. Abbott, in a district court of Wichita County for injuries which he alleged to have received in an explosion of a truck owned by Reddick and driven by Abbott while appellee Longacre was rescuing Abbott from appellant Reddick's burning truck after it had collided with another motor vehicle.

Appellants Reddick and Abbott in turn sued Bailey, McCurdy and Jackson, alleging if judgment be recovered against appellants they were entitled to contribution against said Bailey, McCurdy and Jackson, owners and operators of the other truck.

Trial was to a jury and the trial court, based upon its answers to 101 special issues, rendered judgment in favor of appellee Ward Longacre and against appellants J. E. Reddick and J. T. Abbott, in the sum of $20,000.00. The trial court further denied recovery for contribution in favor of Reddick and Abbott and against Bailey, McCurdy and Jackson; thus denying appellants' motion for judgment notwithstanding the verdict; for instructed verdict and their motion for judgment on the verdict.

Appellants' appeal consists of eleven points. First point is as follows:

"Since the uncontradicted evidence in this case, as introduced by Plaintiff, showed the sudden turning movement of Bailey was the proximate cause of collision, and further showed all testimony to the contrary to be in conflict with physical law and impossible, the Court should have granted defendant's Motion for Judgment and Defendant's Motion for Judgment notwithstanding the verdict of the jury. * * *"

We interpret point No. 1 to assume a position wherein all the evidence in the case reveals a physical state of facts of an impossibility to the end that it is inconceivable that the wreck could have occurred as the evidence introduced by appellees reveal and that this court should take judicial notice of such incredible testimony.

It is sufficient for us to state that appellees' testimony adduced upon the trial reflects that the butane truck owned and operated by appellants, weighing 47,700 pounds, while approaching a produce truck, suddenly and without warning pulled to the left in front of the produce truck, thereby forcing the produce truck driver to turn to his left in order to avoid a head-on collision, then appellants' truck suddenly turned to its right, meeting the produce truck and causing the collision. Appellants denied the truthfulness of appellees' testimony, which became an issue of fact. The jury resolved the issue of fact against appellants' contention in the following manner, to-wit: That Abbott drove the butane truck on his left hand side of the highway immediately prior to the collision and same was within fifty yards of the produce truck at the time Abbott was driving the butane truck on the left hand side of the highway; that said act was negligence

and was proximate cause of appellee's injuries; that Abbott failed to stop the butane truck immediately prior to the collision; that same was negligence and proximate cause of the injury to appellee; that Abbott failed to keep a proper lookout and same was negligence and proximate cause of appellee's injuries; that Abbott failed to keep his truck under proper control immediately prior and at the time of collision and same was negligence and proximate cause of injuries to appellee; that Bailey's truck was in a perilous position immediately prior to the collision; that Abbott discovered such perilous position, that such discovery was made in sufficient time, by Abbott, to have avoided the accident; that Abbott failed to use all means at hand consistent to his safety and safety of his truck to avoid the collision; that such failure was negligence and proximate cause of appellee's injuries; that appellee Ward Longacre believed Abbott was in a position of peril immediately after the collision; that Abbott was in a position of peril; that said appellee believed he could successfully rescue appellant Abbott, that appellee Longacre removed appellant Abbott from the cab of his butane gas truck immediately after the collision; that said appellee assisted Abbott away from said butane truck; that appellee Longacre was free from negligence while doing so; that appellee Ward Longacre was damaged in the amount of $20,000.00; that J. L. Bailey did not fail to keep a proper lookout; that J. L. Bailey drove his truck on his left hand side of the highway as he was about to pass the butane truck approaching from the opposite direction, but that same was not negligence; that Bailey attempted to pass the butane truck on Bailey's left hand side of the highway but that same was not negligence; that Bailey did not suddenly turn his truck on the left hand side of the highway; that he did not make a sudden turning movement to the left, that he did what an ordinary prudent person would have done under the same or similar circumstances; that appellant Abbott changed the course of the butane truck and cut back to the right side of the highway on the occasion of the collision and failed to give

any signal before changing his course, that same was negligence and proximate cause of the injuries to Longacre; that appellant Abbott operated the butane truck at a dangerous and excessive rate of speed under the conditions existing and same was negligence and proximate cause of said appellee's injuries; that appellant Abbott forced J. L. Bailey to turn his truck to the left to avoid a head-on collision and same was negligence and proximate cause of the injuries to appellee Longacre.

Appellants contend further the jury did not have an opportunity to pass upon the issue of whether or not cross defendant J. L. Bailey was negligent in driving his vehicle to his left so close in time and space to the point of collision and whether a reasonable and prudent man situated as Bailey was situated would have done as he did in order to avoid a collision. Such questions, we think, were submitted to the jury in issues based upon whether Bailey's conduct in pulling to the left to avoid the accident was negligence.

We might reveal some of appellee's testimony here by stating that appellee Ward Longacre was walking along the highway where the accident occurred. About the time the produce truck passed him he heard a noise which caused him to look back in time to see the impact. Some of his testimony pertaining to the issue is as follows:

"A. My first instinct was to run, I started across the highway and by that time the collision had already taken place and the butane truck had turned over and rolled down into the bar ditch by the side of the road and up the bank onto the railroad. " * * *

"Q. That was on the south side of the highway? A. Yes, sir. That was all on the south side of the highway. I glanced back as I spun around and near the edge of the pavement butane gas had spilled and was already catching fire.

"Q. About how far was that butane gas that was on fire back of the butane truck? A. It was about 40 or maybe 50 feet.

"Q. All right. A. And I immediately saw the driver of the butane truck, he was unconscious or appeared to be unconscious

and he had slumped over the wheel of his truck, so I ran to the cab as fast as I could and immediately got him out and started back towards the pavement away from the truck, I had gone just a few feet, I hadn't quite reached the pavement when the truck exploded, and after the explosion I don't remember much that took place except we crossed the road and got up to the house where Mr. Sanders lives and he took us to town.

"Q. Ward, when you looked up the highway there and saw this butane gas burning which you say was some forty or fifty feet north of the butane truck, and then you said you immediately looked and saw this driver in there slumped over the wheel of the truck and apparently unconscious, what was your first impulse or instinct to do? A. My first impulse was to get him out.

"Q. Did you set about to do that? A. Yes, sir.

"Q. Did you know the man? A. No, sir, I did not.

" * * *

"Q. How long would you say it was, Ward, from the time of the collision that you had Abbott dragging him away from the butane truck? A. I don't believe it could be over two minutes and probably a few seconds under that.

"Q. It all happened in rapid fire order? A. Yes, sir. A matter of seconds.

" * * *

"Q. All right just tell this jury how you caught hold of him, and how you got him out of there? A. He was slumped forward over the wheel and I reached in and grabbed him under the arm pits and pulled him out, and as he came out of the cab he was already up and pretty well above my waist so I grabbed my arm around him and let his feet drag and I started dragging him towards the highway to get away from the banks.

"Q. About how far would you say you were away from that truck when it exploded? A. Approximately maybe 20 or 25 feet.

"Q. What did you believe would happen to Abbott the man that had been the driver of the butane truck if he was not rescued and taken out of there? A. I believe he would have been burned to death.

"Q. And was that truck burned up? A. Yes, sir, it was.

"Q. What did you do after the explosion occurred and you caught on fire? A. I rolled to put the fire out, I took off my field jacket trying to get the fire off of my face and hands with my jacket and clothing.

"Q. Was there any fire about your face and head? A. Yes, sir. All the blaze was there.

"Q. Talk out louder now? A. My whole shoulders and head were blazing and my face and hair were both on fire."

He further testified that he got temporary relief at a clinic in Iowa Park and he stayed in the General Hospital at Wichita Falls for about thirty days and from there he went to the Ashburn Veterans Hospital at McKinney, and from there he went to the McCloskey General Hospital at Temple, Texas. He further testified as follows:

"Q. All told how many months have you remained or been in the hospital as the result of this tragedy? A. Approximately six months."

He also testified that during this time he suffered severely.

■ We overrule appellants' point one.

Appellants' second point is very long. Our interpretation of the complaint set out in it is that the court erred in rendering judgment for appellee Longacre because the jury was not submitted the question as to whether or not appellant Abbott's driving of his motor vehicle to his left hand side of the road occurred so close in time and space to the point of collision and the produce truck driven by Bailey as would have lead a reasonable prudent man situated as Bailey was situated to violate the law as aforesaid in order to avoid the collision.

■ As stated in overruling appellants' point No. 1, this question was properly submitted by the trial court in his issues relative to the negligent driving of Bailey and same were answered against appellants and

in favor of Bailey. Then too, the jury found that appellant Abbott drove his butane truck on his left hand side of the highway immediately prior to the collision and same was within fifty yards of the produce truck at the time Abbott was driving the butane truck on the left hand side of the highway; that said act was negligence and proximate cause of the injuries to appellee Longacre, as well as other issues submitted and answered against appellants set out above.

We overrule appellants' point No. 2.

The gist of appellants' third point is that appellee Longacre would have no cause of action against appellants unless the person he rescued, to-wit, J. T. Abbott, would have a cause of action against the owner of the truck, to-wit, appellant Reddick, and that there was no negligence alleged or proved by Abbott against Reddick; in other words, that Abbott was not placed into his position of peril through any negligence on Reddick's part.

We refer to our opinion in the case of Longacre v. Reddick, Tex.Civ.App., 215 S.W.2d 404, when this case was before us upon a plea of privilege, for a discussion and authorities relative to point three, wherein we, at that time, overruled this same contention submitted by appellants.

Appellants' fourth point embraces their contention that even though appellant Abbott was negligent in the way and manner he drove the butane truck, by doing so he voluntarily assumed the danger and peril from which he was rescued and the rescuer appellee Longacre would therefore not be entitled to recover against Abbott for rescuing his life without Abbott's having asked Longacre to rescue Abbott from a peril voluntarily assumed.

Appellants argue in their supplemental brief that appellee Longacre could only recover, if at all, under the law of master and servant, thereby insinuating that appellee Longacre became an employee of Reddick and a fellow servant of Abbott, therefore he should have sued Reddick's compensation carrier. They cite for authorities the following: Hall v. O. C.

Whitaker Co., 143 Tex. 397, 185 S.W.2d 720; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; 7 Tex.Jur., 10 year supplement, p. 209, sec. 71a; Bell v. Humble Oil & Refining Co., 142 Tex. 645, 181 S.W.2d 569.

We overrule appellants' contention. In the first place, workmen's compensation is a defensive issue that should be pleaded and proved in the trial court; neither was done in this case; there is no assignment or point embracing such question; and in the second place, the law of rescue is one in which a person may recover damages for personal injuries sustained while rescuing a person. We have read all of appellants' cases cited on this point and have come to the conclusion they are not in point here.

As to the question raised by appellants' point of error relative to appellee Longacre not being entitled to recover from a person who voluntarily placed himself in a position of peril, we note the jury answered issues to the effect that immediately following the collision in question there was an immediate danger that the overturned butane gas truck would catch fire and explode, that Abbott was in a position of peril by reason of such and that same was open and obvious, that a person of ordinary prudence would have known of such danger; that appellee Longacre approached the butane truck in an erect position, that he did not act rashly in approaching said truck and that approaching the butane truck in an erect position was not the proximate cause of the burns sustained by Longacre nor a contributing cause; that said appellee left the butane truck in an erect position, that he did not act rashly while leaving the butane truck, that he did not remain standing in the vicinity of the burning butane truck.

The findings of the jury and the evidence to support the same all indicate that every act of negligence, trespass and violation of the law committed by appellant Abbott was so committed while he was

acting as servant, agent and employee of appellant Reddick, doing business as Consolidated Butane Gas Company.

■ It is too elemental to cite authorities to the effect that every act of negligence and trespass committed by a servant, agent and employee of the master while acting within the scope of his employment and furtherance of the employer's business is chargeable and imputed to the master or employer and in fact are the acts of such employer. The chain of events brought about by the negligence of Abbott will support a cause of action for damages suffered and accrued to appellee Longacre against Abbott's employer Reddick. In addition to the cases cited in our former opinion, supra, it is well to note the cases of Dodson v. Maddox, 223 S.W.2d 434, by the Supreme Court of Missouri and cases there cited; Wichita Falls Traction Co. v. Hibbs, Tex.Civ.App., 211 S.W. 287; Brugh v. Bigelow, 310 Mich. 74, 16 N.W.2d 668, 158 A.L.R. 184, by the Supreme Court of Michigan.

We overrule appellants' point four.

Appellants' point five is as follows:

"The trial court errer in refusing to render judgment for the defendants, J. E. Reddick and J. T. Abbott, and against the plaintiff, Ward Longacre, on the jury's verdict and finding that the plaintiff assummed the risk incident to his voluntary entry into an openly and obviously dangerous area following the collision between the produce truck and the butane truck * * *"

■ It is well settled that one who attempts to rescue another placed in imminent peril is not to be found guilty of contributory negligence as a matter of law, nor does he assume the risk incident thereto unless he acts in a rash, imprudent or negligent manner. See Wagner v. International R. Co., 232 N.Y. 176, 133 N.E. 437, 19 A.L.R., page 4; Brugh v. Bigelow, 310 Mich. 74, 16 N.W.2d 668, 158 A.L.R. page 189; 38 Am.Jur., p. 739; Bond v. Baltimore & Ohio R. Co., Supreme Court of West Virginia, 82 W.Va. 557, 96 S.E. 932, 5 A.L.R. 201, see Annotations, page 206.

Appellants' sixth point in part is as follows:

"Where the evidence shows, as in this case, that insofar as the plaintiff and the defendant are concerned, the accident could have occurred without the negligence of either, it was error for the Court to refuse to submit the issue of unavoidable accident, as requested by the defendants and tendered to the Court in the following Issues: .

" 'Do you find from a preponderance of the evidence that the burns and injury sustained by Ward Longacre in the explosion of the butane truck following the collision in question was not the result of an unavoidable accident? Answer it was not the result of an unavoidable accident or it was the result of an unavoidable accident.

" 'Answer: ——.

" 'In connection with the foregoing issue the defendants further submit the following definition of unavoidable accident: In answer to the foregoing issue you are instructed that by the term unavoidable accident, as used in the foregoing Issue, is meant that such burns and injuries to the plaintiff Ward Longacre, if any, did not result from negligence on the part of either Plaintiff Ward Longacre or the defendants J. E. Reddick or J. T. Abbott.'

"And the failure of the Court to give said charge was not cured by the Court's Charge, because the Court defined unavoidable accident as follows:

" 'Definition No. 11: "Unavoidable accident" as used in this charge means one which is not occasioned in any degree either directly or remotely by the want of such care or prudence as the law holds every man bound to exercise. If the collision in question could have been prevented by either party, by the use or means suggested by common prudence, it was not unavoidable.'

"And the issue submitted was as follows:

" 'Do you find from a preponderance of the evidence that the collision in question between the butane truck and the produce

truck was not the result of an unavoidable accident? Answer "It was the result of an unavoidable accident" or "It was not the result of an unavoidable accident."

" 'Answer: "It was not the result of an unavoidable accident." ' "

Appellants cite for authorities the cases of Hicks v. Brown, 136 Tex. 399, 151 S.W. 2d 790; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301; Rule 277.

■ We find the rulings in the two cases cited by appellants are against their contention. In addition thereto, we doubt if unavoidable accident is in the case before us for the reason that neither appellee Longacre nor appellants are charged with negligence of the same incident. In other words, appellee Longacre charges appellants with negligently driving their automobile causing the wreck, while appellants charge said appellee with negligence in the way and manner he rescued appellant Abbott by subjecting himself to such danger. We overrule appellants' sixth point.

Complaint is made in appellants' seventh point that the court erred in not submitting their special issues pertaining to appellant Abbott's having been suddenly confronted with an emergency since their pleadings covered sudden emergency.

■ While under the evidence the court may have been justified in submitting appellants' issues on sudden emergency, yet the verdict of the jury convicted appellants of negligence which proximately caused the injuries of appellee Longacre; therefore even if the court had submitted such issues on sudden emergency in behalf of appellants and if the jury had answered them favorable to appellants, still it would not have affected the verdict of the jury and the judgment of the court based upon other findings convicting appellants of such negligence which proximately caused the injuries to appellee Longacre. Hence the error if any became harmless. Also, since the court submitted to the jury special issues concerning the primary negligence of appellants and issues on discovered peril,

in our opinion appellants cannot complain for failure of the court to submit issues upon emergency. Younger Brothers v. Ross, Tex.Civ.App., 151 S.W.2d 621; White v. Munson, Tex.Civ.App., 162 S.W.2d 429; Barrington v. Duncan, Tex.Civ.App., 162 S. W.2d 1025.

Appellants' seventh point of error is overruled.

■ Appellants' point eight relates to their complaint that the court erred in not granting their motion for judgment notwithstanding the verdict of the jury; in answer to same we find there is sufficient evidence to support the jury's verdict and the judgment of the court, and overrule the same.

■ Appellants complain in their ninth point because they say the court erred in submitting the third party defendants' issues Nos. 78, 79 and 80 under the theory of sudden emergency because appellee Longacre had no pleadings to support sudden emergency and therefore sudden emergency could not inure to his benefit. These special issues submitted the question of whether Bailey was acting under an emergency immediately prior to the collision in question and whether Bailey did what an ordinarily prudent person would have done under the same or similar circumstances, to which the jury answered "Yes." We do not consider these issues material as between appellee Langacre and appellants. We overrule this point.

Appellants' tenth point complains of error of the trial court in failing to render judgment against third party defendants, to-wit, C. R. Jackson, V. L. McCurdy and J. L. Bailey, in favor of appellants for their proportionate contribution to the whole amount of the judgment as joint tort feasors as provided under Article 2212, Revised Civil Statutes of Texas.

■ In the instant case the jury absolved the above third party defendants of any negligence whatsoever as proximately causing the collision in question, hence the court did not err in denying appellants judgment against them. This point is overruled.

272

Appellants' eleventh point is as follows:

"The Court erred in refusing to give defendants' Special Requested Issues on new and independent cause in Issues Nos. 4, 5 and 6 * * *"

They cite for authorities the cases of Dallas Railway & Terminal Co. v. Little, Tex.Civ.App., 109 S.W.2d 289, 291, and Texas, N. M. & Okl. Coaches v. Williams, Tex.Civ.App., 191 S.W.2d 66. We find the ruling set out in these cases is against appellants' contention, and overrule the same.

Finding no error and believing appellants have had a fair trial before their peers, we affirm the judgment of the trial court.