LAWRENCE BRITT v. LAURIN PATTERSON MANGUM, JR. AND JAQUELINE MANGUM.

(Filed 31 January 1964.)

**1. Automobiles §§ 24.1; 35—**

A complaint containing allegations to the effect that defendant wrecked the automobile driven by her as the result of her negligent operation of the vehicle, that defendant's arm was pinned between the vehicle and the ground, that plaintiff, called to the scene as the result of defendant's cries for aid, lifted the vehicle and extricated defendant and took her into his home, and that in lifting the vehicle plaintiff suffered serious injury to his back, *is held* to state a cause of action.

**2. Automobiles § 24.1 —**

The doctrine of rescue, usually arising in negating contributory negligence on the part of a person rescuing another from peril resulting from the negligence of a third person, is applicable in this State to permit recovery by the rescurer injured in the rescue of a person placed in a position of peril by his own negligence.

HIGGINS, J., dissenting.
RODMAN, J., joins in dissent.

APPEAL by plaintiff from *MacRae, Special Judge,* June 1963 Special Civil Session of COLUMBUS.

This is a civil action in which the plaintiff seeks to recover damages for personal injuries sustained while rescuing the feme defendant from an upset automobile under the circumstances hereinafter set out.

Plaintiff and the defendants live on a rural unpaved road, just off U. S. Highway No. 74, between Evergreen and Chadbourn, in Columbus County. The home of the plaintiff is located between the home of the defendants and Highway No. 74. On the morning of 22 April 1962, plaintiff was in his home when the feme defendant, wife of the male defendant, drove along the unpaved road in a southerly direction toward Highway No. 74. The feme defendant, operating a 1959 Volkswagen, owned and maintained by her husband and furnished by him for the use of the members of his family as a family purpose car, was traveling at a high and unlawful rate of speed, in violation of G.S. 20-140, and, as she reached a point in said road approximately in front of the home of plaintiff, she lost control of said vehicle. The automobile overturned in the roadway. Plaintiff was summoned from his house by other members of his family who had heard or seen the accident. Upon arriving at the automobile, plaintiff observed that gasoline was leaking out of the tank and saturating the ground around the automobile. The feme defendant indicated to plaintiff that her arm was caught between the door and the ground and that she was unable to free herself; that she was suffering "intolerable physical agony." Thereupon, the plaintiff lifted the automobile in order to free the feme defendant's arm, got her out of the automobile and took her into his home. In the process of lifting the automobile, it is alleged plaintiff suffered serious injuries to his back, for which he has been compelled to obtain extended medical care and treatment; that he continues to suffer "excrutiating pain" as the result of the injury to his back.

Plaintiff alleges in his complaint that the injuries sustained by him were solely and proximately caused by the negligence of the feme defendant.

The defendants demurred to the complaint on the ground that it fails to state a cause of action or that it fails to allege the violation of any duty owed by the defendants to the plaintiff, and for that the negligence complained of in the complaint was not the proximate cause of the injuries received by the plaintiff as a matter of law.

The demurrer was sustained and the plaintiff appeals, assigning error.

*David M. & W. Earl Britt; John W. Campbell for plaintiff.*
*Tally, Tally, Taylor & Henley for defendants.*

DENNY, C.J.   This case involves the application of what is known as the rescue doctrine.

Our cases involving the doctrine seem to differ factually from the present one. In *Norris v. R. R.*, 152 N.C. 505, 67 S.E. 1017, 27 L.R.A. (N.S.) 1069; *Alford v. Washington*, 238 N.C. 694, 78 S.E. 2d 915; s.c., 244 N.C. 132, 92 S.E. 2d 788; and *Bumgarner v. R. R.*, 247 N.C. 374, 100 S.E. 2d 830, the plaintiff in each of these cases had rescued or undertaken to rescue a person or persons who had been subjected to imminent peril through the negligence of a third person.

In *Norris v. R. R.*, *supra*, it is said: "* * * (I)t is well established that when the life of a human being is suddenly subjected to imminent peril through another's negligence, either a comrade or a bystander may attempt to save it, and his conduct is not subjected to the same exacting rules which obtain under ordinary conditions; nor should contributory negligence on the part of the imperiled person be allowed, as a rule, to affect the question. * * * (W)hen one sees his fellow-man in such peril he is not required to pause and calculate as to court decisions, nor recall the last statute as to the burden of proof, but he is allowed to follow the promtings of a generous nature and extend help which the occasion requires; and his efforts will not be imputed to him for wrong, * * * unless his conduct is rash to the degree of reckless; and all of them hold that full allowance must be made for the emergency presented."

Likewise, in *Alford v. Washington*, 238 N.C. 694, 78 S.E. 2d 915, this Court quoted with approval the rule laid down in 38 Am. Jur., Negligence, section 228, page 912, as follows: "The rule is well settled that one who sees a person in imminent and serious peril caused by the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue, provided the attempt is not recklessly or rashly made." To like effect is 65 C.J.S., Negligence, section 124, page 736.

The appellees contend that since the feme defendant did not imperil another, but only herself, the plaintiff cannot recover, citing *Saylor v. Parsons*, 122 Iowa 679, 98 N.W. 500, 64 L.R.A. 542, 101 Am. St. Rep. 283.

In the *Saylor* case the Court held the rescuer could not recover on the ground that, "Where no one else is concerned, the individual may incur dangers and risks as he may choose, and in doing so he violates no legal duty. He cannot be guilty legally, though he may be morally, of neglecting himself." This view has not met with favor in other jurisdictions, but instead, when it has been pressed, it has been almost invariably rejected.

In the case of *Brugh v. Bigelow*, 310 Mich. 74, 16 N.W. 2d 668, 158 A.L.R. 184, the defendant drove his car into an intersection where a col-

lision occurred. Plaintiff alleged the defendant was negligent in the operation of his automobile, that her attention was attracted to the wreck by the noise and defendant's cries, and that she went to his rescue and was injured. Defendant relied upon *Saylor v. Parsons, supra,* and advanced substantially the same argument that the defendants' counsel do in their brief in support of the ruling of the court below in the instant case. The Michigan Court distinguished the cases thus: "In that case *(Saylor)* plaintiff was proceeding at his own risk on private property where the safety of others would not necessarily be involved. In the instant case defendant Bigelow was bound by the law of Michigan to exercise due care for the safety of others in his driving upon a public highway. * * *

"At this point counsel for defendant makes the distinction that if plaintiff had been injured in the rescue of defendant's passenger, Swan, there would be authority to hold defendant liable but argues that defendant owed no duty to himself not to make himself an object of necessary rescue and hence he is to be absolved of liability.

"We can make no such distinction of duty defining the duties of drivers of automobiles on the highways of this State. This was a roadside where passers-by would be expected to stop and render needful assistance. Defendant's claim that he owed himself and his rescuer no duty is without merit. His cries for help belie his claimed freedom from duty. Defendant further argues that rescue is unusual and that it is an unusual thing and therefore not to be anticipated that passers-by would respond to relieve known dire necessity resulting from an automobile accident. We understand the contrary to be the case.

"Whether the defendant was negligent, and if so, whether such negligence was the proximate cause of the injury, are questions for the jury."

In *Carney v. Buyea,* 65 N.Y.S. 2d 902, the defendant parked her car on an incline leading from her farmhouse to the main highway, without engaging the brakes, while she got out and walked some 20 feet in front of the car to pick up some soft drink bottles in the road. While she was stooped over, the car began to roll and plaintiff, a bystander, ran to her and was injured in rescuing her. On appeal from a verdict for plaintiff, the defendant contended, *inter alia,* that she owed no duty to the plaintiff and that she could be guilty of no negligence to herself, citing *Saylor v. Parsons, supra.* After reviewing the *Saylor* case at length, the Court said: "In parking her car as she did, the defendant endangered the safety not only of the bystanders on her farm but also the safety of herself and the probable safety of the users of the highway who might be passing her farm in case her car should run onto the highway. May not a lack of self-protective care be negligent towards any person in whose vicinity

one exposes oneself to an undue risk of injury? * * *" The Court then quoted Bohlen on Torts, as follows: " 'The rescuer's right of action, therefore, must rest upon the view that one who imperils another, at a place where there may be bystanders, must take into account the chance that some bystander will yield to the meritorious impulse to save life or even property from destruction, and attempt a rescue.' * * *

"We think the defendant, by parking her car as she did, exposed herself to undue risk of injury. Her act in that respect was wrongful to the plaintiff since it brought about an undue risk of injury to him causing him to undertake her rescue to his injury and damage. *Brugh v. Bigelow,* 310 Mich. 74, 16 N.W. 2d 668, 671, 158 A.L.R. 184; Vol. 43 Michigan Law Review, pages 980-982. We think there was a legal duty owing by the defendant to the plaintiff not to create an undue risk of injury to him and not merely a moral duty as was held in *Saylor v. Parsons,* 122 Iowa 679, 98 N.W. 500, 64 L.R.A. 542, 101 Am. St. Rep. 283., *supra.*"

The Court further said in discussing the case of *Eckert v. Long Island R. R. Co.,* 43 N.Y. 502, 3 Am. Rep. 721: "The rigid rules of an action at law for negligence bend before a situation where the life of a person is imperiled and without penalty to his rights permit a casual bystander to take risks in the attempt to save life which would be prohibited under any other circumstances. * * *"

In the case of *Longacre v. Reddick,* C.C.A. of Texas, 215 S.W. 2d 404, a truck loaded with butane gas owned by J. E. Reddick, the appellee, and driven by his employee, J. T. Abbott, collided with another truck. Longacre was walking along the highway a short distance from the point of the collision. Seeing Abbott apparently unconscious in the cab of the truck, Longacre rushed to the truck to rescue him, pulled him out of the truck and started away from the truck with him. When he was only a few feet away, the gas in the truck exploded, causing Longacre to be severely burned. The facts found were to the effect that Abbott was negligent in driving his truck on the wrong side of the highway, and that such negligence was a proximate cause of Longacre's injuries. The trial court, however, denied recovery on the ground that there was "no negligence on Reddick's part as between him and Abbott, the driver of the truck, that Abbott could not have claimed damages as against Reddick, and that Longacre could not recover damages from Reddick unless the person whom he rescued, to wit, Abbott, could have recovered from Reddick."

The Appellate Court said: "Recovery has been allowed in many cases to a plaintiff who had rescued some one from peril where the latter had been placed in the position of peril as a result of the negligence of defendant. Many cases, including several from Texas, are listed in annotations in 19 A.L.R. 4 and 158 A.L.R. 190.

"The gist of the holdings is that the rescue is something that might reasonably be foreseen by the negligent defendant and is a natural and probable consequence of his negligence, and that the rescuer is not guilty of contributory negligence as a matter of law in risking loss of his own life or serious injury to himself, provided the rescue attempt is not recklessly or rashly made, and that contributory negligence is ordinarily a question for the jury to decide. * * *

"The rescued person here was put into the position of peril through the negligence of a servant of the defendant Reddick. The servant's negligence, which under the law is imputed to the master, was a proximate cause of the injuries suffered by the plaintiff. It is not material, from the plaintiff's standpoint, that the negligent servant was the one who was rescued. The case is not basically different from *Brugh v. Bigelow*, 310 Mich. 74, 16 N.W. 2d 668, 671, 158 A.L.R. 184, where liability was imposed on the negligent operator of an automobile, who was rescued by the plaintiff who suffered injury in making the rescue." The judgment of the court below was reversed.

In *Lynch v. Fisher*, Court of Appeal of Louisiana, 2nd Circuit, 34 So. 2d, 513, the Court, in considering the question of foreseeability and its application to the doctrine of rescue, said: "We think it is well established that the general doctrine of foreseeability is not applicable to the extent of relieving one who sets in motion, through the agency of a negligent act, a chain of circumstances leading to the final resultant injury. In *Payne v. Georgetown Lumber Co., Ltd.*, 117 La. 983, 42 So. 475, 477, the Court said: 'That the particular injurious consequence was "improbable" or "not to be reasonably expected" is no defense.' "

Also, in the case of *Wagner v. International R. Co.*, 232 N.Y. 176, 133 N.E. 437, 19 A.L.R. 1, Justice Cardoza, in speaking for the Court, among other things, said: "The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer. * * * The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may not have foreseen the coming of a deliverer. He is accountable as if he had. *Ehrgott v. Mayor, etc.,* New York, 96 N.Y. 264, 280, 281, 48 Am. Rep. 622." cited with approval in *Brock v. Peabody Cooperative Equity Exchange*, 186 Kan. 657, 352 P. 2d 37.

In the light of the foregoing authorities, it is immaterial from the plaintiff's standpoint whether the feme defendant was imperiled as the result of her own negligence or by the negligence of another, so long as she was imperiled by the negligence of one other than her rescuer. The facts determine who shall be made the defendant or defendants in such an action.

For example, if the peril of the feme defendant had been brought about by the negligence of a third party instead of by her own negligence, as alleged in the complaint, then the third party and not the feme defendant and her husband would be liable for any injury sustained by the plaintiff in making the rescue.

The plaintiff herein is not entitled to recover from the defendants upon the facts as alleged in the complaint, unless he can establish by the greater weight of the evidence that the feme defendant's peril was brought about as the result of her own negligence and that such negligence was the proximate cause of the plaintiff's injuries. *Carney v. Buyea, supra; Longacre v. Reddick, supra;* 158 A.L.R. Anno.—Rescuer—Death or Injury, at page 195, *et seq.*

We hold that the complaint states a cause of action and that the demurrer should have been overruled.

Reversed.

HIGGINS, J., dissenting: The majority opinion, as I read it, eliminates reasonable foreseeability as one of the constituent elements of actionable negligence. For that reason I am unable to agree.

RODMAN, J., joins in this dissent.