■ DENISE A. FARRAR, an Infant, by JOHN D. FARRAR et al., Her Parents and Natural Guardians, et al., Respondents, v TOWN OF WATERFORD, Defendant and Third-Party Plaintiff-Respondent, and DELAWARE AND HUDSON RAILWAY COMPANY, Defendant and Third-Party Defendant-Appellant. HENRY BEAUDOIN et al., Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered February 15, 1983 in Saratoga County, which denied a motion by Delaware and Hudson Railway Company for summary judgment dismissing all claims against it. Defendant Delaware and Hudson Railway Company (D & H) appeals from the denial of its motion for summary judgment dismissing plaintiff's complaint and other claims. Plaintiff, a ninth grade girl, was injured on June 17, 1979 at about 5:30

P.M. when, according to her, a bicycle she was operating hit a bump located between the tracks owned by the D & H that traversed Vanderwerken Avenue in the Village of Waterford, Saratoga County. The tracks were about 125 to 150 feet from the intersection of Vanderwerken Avenue and Route 32. As she approached the tracks, plaintiff was standing on the pedals of the bicycle with her hands on the handlebars, and her girlfriend, also a ninth grader and the owner of the bicycle, was riding on its seat. Plaintiff claims that hitting the bump knocked her hands off the handlebars, which contained the brake, and caused her to lose control of the bicycle. As a result, the bicycle struck several pot holes, among which was a big one, 25 to 50 feet from the intersection and the bicycle collided with a vehicle owned and driven by third-party defendant Henry Beaudoin, causing plaintiff serious injury. In this factual pattern it can hardly be claimed that the bump between the tracks of the D & H was not, as a matter of law, a proximate cause of plaintiff's injuries (*Donnelly v Piercy Contr. Co.*, 222 NY 210). Furthermore, an accident of this type on a street containing railroad tracks must be considered to be reasonably foreseeable and will sustain a verdict if D & H is shown at trial to have caused, created or maintained a dangerous condition in relation to the bump between its tracks. Therefore, Special Term properly denied the motion of D & H for summary judgment as factual issues require trial determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395). Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.