Michael E. Sweeney, J.
This is a motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice. It is the contention of the defendant that the .complaint does not state facts sufficient to constitute a cause of action.
I am limited here to considering only the allegations of the complaint. The plaintiff is entitled to the benefit of every • favorable inference one may draw. It must be assumed that all the allegations coni ained in the complaint are true. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451.)
If the defendant is to be successful it must be determined as a matter of law that admitting the truth of all the allegations contained in the complaint and giving plaintiff the benefit of every reasonable inference, a cause of action is not stated. With this contention I cannot agree.
Plaintiff alleges that on January 7, 1958 at about 12r30 o’clock in the afternoon he was on defendant’s premises by invitation; that defendant’s wife apprised plaintiff of the fact that defendant was despondent and emotionally distressed; that plaintiff, at defendant’s wife’s request, went to look for defendant to bring him to the house for lunch; that plaintiff found defendant in Ms automobile in the garage, the front doors of which were open; that defendant at that time indicated a desire to do away with himself.
It is further alleged that plaintiff requested defendant to join the family for lunch and that defendant responded 11 saying he would follow plaintiff into the house and that he would be right in for lunch.” It is then alleged that plaintiff returned to the house and when defendant did not follow after a short time had elapsed, plaintiff left the house again to request defendant to come for lunch; that at about 1 o’clock plaintiff discovered the open front doors to the garage were closed and locked and plaintiff’s attempts to open them were futile; that plaintiff observed defendant sitting in the car slumped over the wheel, the motor of the automobile running and apparently attempting to take his own life.
Then follows the allegation that in an attempt to rescue defendant, plaintiff quickly ran to the rear of the garage and in order to gain access to the building through the rear door thereof smashed the rear door window with his hand and arm and as a result thereof he was injured.
*784 The complaint alleges 'that the defendant was negligent in disregarding his duty to the plaintiff by causing plaintiff to undertake the rescue. The complaint does not state, but it is a fact that the plaintiff is the son of the defendant.
The plaintiff’s action is based on negligence and of necessity involves the legal theory of rescue as developed by the courts of this State.
The plaintiff here was attempting the rescue of the defendant, his father. A person who is injured while attempting to rescue one put in peril through the negligence of a third party, can recover from that third party. (Wagner v. International Ry. Co., 232 N. Y. 176; Eckert v. Long Is. R. R. Co., 43 N. Y. 502; Gibney v. State of New York, 137 N. Y. 1.)
In order that there may be actionable negligence there must be some legal duty or obligation on the part of the person against whom the claim of negligence is made. (Mink v. Keim, 291 N. Y. 300; Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339.)
In the ease under consideration, the defendant owed a legal duty to those in the immediate vicinity who might attempt to rescue him from his self-imposed plight. This is no less true because the act was a positive one, an attempted suicide, not a simple act of negligence. (Carney v. Buyea, 271 App. Div. 338; Hallett v. Stanley Stores Cleaners & Dyers, 276 App. Div. 386.)
In the Carney case (supra) the court stated at page 342 that negligence on the part of the defendant towards the plaintiff which induced him to undertake her rescue must be established before the plaintiff could sustain a recovery.
The defendant in that case had cited Saylor v. Parsons (122 Iowa 679) which held that where no one else is concerned, the individual may incur dangers and risks as he may choose, and in doing so he violates no legal duty; that he cannot be guilty legally, though he may be morally, of neglecting himself.
The court, at page 344, in distinguishing the two cases, asked a rhetorical question: ‘ ‘ May not a lack of self protective care be negligent towards any person in whose vicinity one exposes oneself to an undue risk of injury? ” and answered it, “ We think so.”
The rule laid down by Professor Bohlen in his Studies in the Law of Torts (p. 569, n. 33) was then cited by the court at page 344 as the proper rule:
“ ‘ The rescuer’s right of action, therefore must rest upon the view that one who imperils another at a place where there may be bystanders, must take into account the chance that some bystander will yield to the meritorious impulse to save life *785 or even property from destruction, and attempt a rescue. If this is so, the right of action depends not upon the wrongfulness of the defendant’s conduct in its tendency to imperil the person whose rescue is attempted, but upon its tendency to cause the rescuer to take the risk involved in the attempted rescue. And it would seem that a person who carelessly exposes himself to danger or who attempts to take his life in a place where others may be expected to be, does commit a wrongful act towards them in that it exposes them to a recognizable risk of injury. ’ The Law Quarterly Review (Vol. 58, p. 300) agrees with the rule stated by Professor Bohlcn. We think the defendant, by parking her car as she did, exposed herself to undue risk of injury. Her act in that respect was wrongful to the plaintiff since it brought about an undue risk of injury to' him causing him to undertake her rescue to his injury and damage. (Brugh v. Bigelow, 310 Mich. 74; 43 Mich. L. Rev. 980-982.) We think there was a legal duty owing by the defendant to the plaintiff not to create an undue risk of injury to him and not merely a moral duty as was held in Saylor v. Parsons (122 Iowa 679, supra).”
Such was the case here. The defendant, by locking all doors to the garage as he did and by sitting in the car with the motor running, exposed himself to undue risk of injury. This act was wrongful to plaintiff because it caused that undue risk of injury to defendant which consequently brought about the attempt to rescue him to plaintiff’s injury.
The defendant further contends in support of the motion that he could not have reasonably foreseen such an attempted rescue by the plaintiff. I cannot agree with this contention either. The plaintiff is the son of the defendant. Just prior to the attempted suicide he tallied with the defendant. The defendant knew he was to be in this vicinity and could have easily anticipated that when he did not follow plaintiff to the house defendant would return to the garage. They were undoubtedly friendly and an attempt by a son to preserve the life of his father is most reasonable to believe. It was not necessary that the defendant reasonably foresee the manner in which the attempted rescue was going to be made. It is sufficient that the situation in which defendant placed himself was a dangerous one and invited rescue. The foreseeability of the act, therefore, is a question of fact for the jury. (Rivera v. City of New York, 10 A D 2d 72; Luce v. Hartman, 6 N Y 2d 786.)
The motion is denied. Submit order.