MELVIN V. LASSITER, III

V.

DAVID WARINNER

Record No. 850264

April 22, 1988

Present: All the Justices

*John H. Herbig* for appellant.

*James W. Morris, III (John D. Epps; Browder, Russell, Morris & Butcher, P.C.*, on brief), for appellee

COMPTON, J., delivered the opinion of the Court.

In this negligence action brought to recover damages for personal injuries, we consider whether the trial court erred in ruling that the rescue doctrine did not apply under the circumstances of this case.

Appellant Melvin V. Lassiter, III, filed this action against appellee David Warinner asserting that, while the plaintiff was attempting voluntarily to rescue the defendant from a position of peril, defendant negligently operated his automobile causing it to strike and injure the plaintiff. A jury found in favor of defendant and we awarded plaintiff this appeal from the January 1985 order confirming the verdict.

The facts are undisputed. On September 10, 1982, defendant, age 23, and his wife had been attending an evening beer party in an apartment complex in the City of Richmond. About 11:00 p.m., they decided to leave the party and walked toward their automobile which was in the apartment parking lot. En route, they noticed two men and a woman nearby throwing and breaking beer bottles on the surface of the lot. These individuals were near several motorcycles and were dressed in the garb of motorcycle gang members. Neither defendant nor his wife knew the "bikers" or had had previous direct contact with them, although defendant had said "hello" to one of them earlier.

Defendant and his wife quickly moved to their car, entered the front seat, and defendant started the motor. The car windows were open. Suddenly, one of the male bikers attacked defendant by beating him with fists through the window on the driver's side. At the same time, the female biker grabbed defendant's wife by her hair and throat through the passenger's window. Defendant was knocked from the driver's seat against his wife and she started screaming, "beginning to panic." She felt certain that if the assailants removed defendant from the car "they would kill him, because there were so many fists coming in."

At the time, plaintiff, who was age 27, a graduate of Virginia Military Institute, and a resident of the apartment complex, was walking near the parking lot. He observed the "ruckus" and saw defendant being beaten. Plaintiff and a friend rushed to defendant's automobile and pulled the male assailant "off the car." Then, as plaintiff was holding the assailant, defendant attempted to drive from the scene because "people were still by the car on both sides." Defendant backed his car from the parked position and the front of the vehicle swung, striking and injuring the plaintiff.

■ The rescue doctrine, as established in Virginia, usually is viewed as a limitation on the concept of contributory negligence. A plaintiff who is aware of danger and fails to exercise reasonable care to avoid injury is guilty of contributory negligence and is precluded from recovering against the person responsible for the peril. This concept is subject to a limitation when the exposure to the danger is for the purpose of rescuing another from peril. *Andrews* v. *Appalachian Elec. Power Co.*, 192 Va. 150, 160, 63 S.E.2d 750, 756 (1951). The limitation is based upon the idea that it is commendable to save another from injury or death. The

law will not preclude the rescuer from recovering for his own injury, even though the rescuer voluntarily exposed himself to danger. *Id.*, 63 S.E.2d at 756-57.

■ Broadly stated, the rescue doctrine provides that when a person sees a victim in imminent and serious peril caused by the tortious conduct of a third person, the rescuer will not be guilty of negligence as a matter of law in risking his own life or injury in attempting to rescue the victim, provided the attempt is not recklessly or rashly made. *Id.* Stated differently, a rescuer is justified in exposing himself to danger, in a manner that would deprive him of a recovery for his injuries under other circumstances, if the peril threatening the victim is imminent and real, not merely imaginary or speculative, and the rescuer has not rashly or recklessly disregarded all consideration for his own safety. *Id.* at 160-61, 63 S.E.2d 757. *See Commonwealth* v. *Millsaps*, 232 Va. 502, 352 S.E.2d 311 (1987) (in property damage claim, rescue doctrine inapplicable to negate assumption of risk because of no reasonable appearance to rescuer that some person actually was in imminent and serious peril of injury or death).

Most cases involving the rescue doctrine are suits brought by the rescuer against a negligent third-party defendant who placed the victim in a situation of imminent peril resulting in injury to the rescuer during the rescue attempt. *See, e.g., Roanoke Hosp. Ass'n* v. *Hayes*, 204 Va. 703, 133 S.E.2d 559 (1963) (nurse sued hospital for injuries she received while rescuing her patient from imminent danger caused by hospital's negligence); *Andrews, supra* (estate of plaintiff, who was killed in an effort to remove broken overhead electric wire from body of another, sued power company for negligence in failing to discover and remove obstacles from power lines); *Southern Ry.* v. *Baptist*, 114 Va. 723, 77 S.E. 477 (1913) (bystander who attempted to control unmanageable horse of another near a railroad crossing sued railway company for negligence due to the manner approaching train was operated); and *Wright* v. *Atlantic Coast Line Ry.*, 110 Va. 670, 66 S.E. 848 (1910) (daughter who tried to rescue mother from peril of approaching train sued railroad company for engineer's failure to sound train whistle at public crossing). See generally cases collected in annot., 158 A.L.R. 189 supplementing annot., 19 A.L.R. 4. discussing liability for death of, or injury to, one seeking to rescue another. In the present case, however, we have the unusual

situation of the rescuer suing the victim, not the third parties responsible for the victim's peril.

At trial, the plaintiff offered and the court refused an instruction based on the rescue doctrine.[1] The trial judge stated that the rescue doctrine was not "applicable to the facts of this case." The court instructed the jury, however, on contributory negligence[2] and sudden emergency.[3]

On appeal, plaintiff contends that the trial court erred in refusing to instruct on the rescue doctrine. Plaintiff says the trial court did not grant proffered Instruction A because the court felt there was no evidence the defendant-victim negligently created the peril from which the plaintiff was attempting to rescue him. The plaintiff argues that concern about whether the victim created the peril finds no support in the case law and thwarts the policy underlying the doctrine benefiting heroes. He contends that "defendant in this case failed to exercise due care towards the plaintiff after he embarked on his rescue attempt, independent of what caused his position of peril" and Instruction A should have been given.

In addition, plaintiff contends the error in refusing the instruction on rescue was compounded by granting instructions on contributory negligence and sudden emergency. The plaintiff argues

---

[1] Tendered Instruction A provided as follows:

"Melvin V. Lassiter, III contends that he was not contributorily negligent when he exposed himself voluntarily to danger because he was attempting to rescue David Warinner. A plaintiff who risks injury while attempting to rescue someone from an imminent and serious danger that the plaintiff did not create is not negligent unless the plaintiff's conduct was rash and reckless under the circumstances of this case.

"If you believe from all the evidence:

(1) that David Warinner was in imminent and serious danger;

(2) that plaintiff did not create the danger; and

(3) that the plaintiff did not rashly and recklessly disregard all considerations for his own safety in attempting to rescue David Warinner, then the plaintiff was not contributorily neglient in exposing himself to danger."

[2] Instruction 10 provided that:

"The plaintiff had a duty to act as a reasonable person would have acted for his own safety under the circumstances of this case.

"If the plaintiff violated such duty, then he was negligent."

[3] Instruction 9 provided:

"The defendant contends that he was confronted with a sudden emergency. A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.

"If you believe from the evidence that the defendant, without negligence on his part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, he was not negligent."

that the court in "giving an instruction on traditional contributory negligence coupled with an instruction on sudden emergency . . . gave the defendant an unjustified advantage." He says the trial court afforded the defendant all benefits of the emergency while at the same time "denying the plaintiff any benefits of the defendant's peril."

Defendant argues that the court properly charged the jury. He notes the rescue doctrine is based upon the theory that danger invites rescue and the proximate cause of the harm to the rescuer is the original negligence that produced the peril. Judge Cardozo said, "The wrong that imperils life is wrong to the imperiled victim; it is wrong also to his rescuer." *Wagner* v. *International Ry.*, 232 N.Y. 176, 180, 133 N.E. 437, 437 (1921).

Accordingly, defendant contends, the doctrine properly would apply in this case had the plaintiff sued the assailants and not the innocent victim. According to defendant, he "did nothing to endanger himself or anyone;" the imminent danger resulted "from a vicious, unprovoked physical attack." The doctrine should not apply, the argument continues, to penalize the victim of another's tortious conduct.

Defendant agrees that the doctrine, used originally against a third-party defendant whose negligence created peril to a victim, has been broadened to include a two-party situation where the victim negligently has placed himself in a perilous position which invites rescue. Nevertheless, defendant contends, the "key factor" in the two-party situation is that the defendant's negligence caused the perilous situation. But the doctrine should not be extended, the defendant says, by applying it, as here, "against the imperiled victim of a third party's negligence."

We do not fully agree with the contentions of either plaintiff or defendant, although we concur with plaintiff that the trial court erred in refusing to apply the rescue doctrine. However, we reject plaintiff's argument that the doctrine should have been put to the jury in the expansive form outlined in Instruction A. Likewise, we reject defendant's argument that rescue was not at all applicable to the facts of this case. As we shall demonstrate, questions of contributory negligence, rescue, and sudden emergency were issues that should have been submitted to the jury under appropriate instructions.

■ This case is isolated in that branch of the rescue doctrine where the rescued person himself may be liable to the rescuer. *See*

annot., "Rescue Doctrine: Negligence and Contributory Negligence in Suit by Rescuer against Rescued Person," 4 A.L.R.3d 558. But under the circumstances of this case, the defendant-victim was not negligent in creating the peril. The tortious acts of the third-party assailants caused the imminent danger which invited rescue. Thus, focusing for the moment on the beginning of the incident, the rescue doctrine would be wholly inapplicable. The reason is obvious.

■ There can be no contributory negligence until the negligence of the defendant first is established. *Shumaker* v. *Atlantic Coast Line R.R.*, 125 Va. 393, 401, 99 S.E. 739, 739 (1919). And if there is no contributory negligence, there is nothing upon which the rescue doctrine can attach as a limitation. Accordingly, if the defendant-victim is not negligent, the rescue doctrine cannot be used to assist the rescuer in recovering against the victim, no matter how heroic may be the rescuer's conduct. In other words, if the act of the defendant is not tortious, "an attempted rescue creates no new, independent right or liability." *Brady* v. *Chicago & N.W.R. Co.*, 265 Wis. 618, 626-27, 62 N.W.2d 415, 419-20 (1954).

■ Nevertheless, even though the victim was not negligent in creating the peril, he may be liable for negligence occurring, with respect to the rescuer, after the efforts to rescue the victim commenced, and the rescue doctrine may apply. This aspect of the doctrine was discussed in *Hammonds* v. *Haven*, 280 S.W.2d 814 (Mo. 1955), where the plaintiff-rescuer, Hammonds, sued the defendant-victim, Haven, to recover damages for bodily injuries. The plaintiff had been standing in the center of a highway attempting to warn motorists of a fallen tree blocking the road at night. The defendant, driving a vehicle approaching the obstacle, failed to see the plaintiff in time to stop and struck him.

The Supreme Court of Missouri rejected the argument that the rescue doctrine was not applicable, the defendant contending that he was not responsible for the dangerous situation caused by the fallen tree. The court said that the defendant, even though not responsible for the peril, was guilty of negligence toward the rescuer after he began to attempt the rescue. 280 S.W.2d at 817.

Also, in *Hawkins* v. *Palmer*, 29 Wash. 2d 570, 188 P.2d 121 (1947), the court discussed this aspect of the doctrine but held the doctrine did not apply. There, the plaintiff was assisting persons at an accident scene when he was injured when struck by a passing

car. The court said, referring to "the phase of the doctrine in which the defendant is not responsible for causing the perilous situation of the person sought to be rescued," that in order for the plaintiff "to invoke the doctrine the defendant must be guilty of some negligence toward the rescuer after he, the rescuer, has begun to attempt the rescue." 29 Wash. 2d at 575, 188 P.2d at 123.

In the present case, as we have said, the peril inviting the rescue was not created by the defendant-victim. Nevertheless, after the plaintiff-rescuer embarked on the rescue attempt, there was evidence tending to show that the victim was negligent with respect to the rescuer. The defendant may have violated a duty of reasonable care owed to persons standing nearby, including the plaintiff, as the defendant attempted to drive his vehicle from the scene.

■ Therefore, we hold that the rescue doctrine, in the narrow form which we have outlined, applied to these facts. Accordingly, the jury, under appropriate instructions, should have been required to consider whether defendant, at any time during the incident, was guilty of negligence which was a proximate cause of the plaintiff's injury, whether plaintiff was contributorily negligent, whether the rescue doctrine was a limitation on plaintiff's contributory negligence, if any, and whether the defendant's negligence, if any, during the rescue was excused by the sudden emergency doctrine.

Thus, and because of the trial court's error in refusing to apply the rescue doctrine, the judgment in favor of the defendant will be reversed and the case will be remanded for a new trial.

■ Upon retrial, the scope of proffered Instruction A should be limited. We will not presume to dictate to the trial court the precise form a rescue instruction should take. Nonetheless, we will observe the jury should be told that if they believe defendant was in imminent and serious danger, and that plaintiff did not rashly and recklessly disregard all considerations for his own safety in attempting to rescue defendant, then plaintiff was not guilty of contributory negligence in exposing himself to the danger. There should be no reference to whether plaintiff created the danger, as there was in Instruction A, because any such consideration is irrelevant under these facts.

*Reversed and remanded.*