THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. ANTHONY QUALLS, Petitioner-Appellant.

Second District   No. 2—90—1356

Opinion filed August 28, 1992.

G. Joseph Weller and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:
Defendant, Anthony Qualls, filed this timely appeal from the Lake County circuit court's denial of his petition under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The sole issue presented on review is whether, in light of recent Federal decisions, the rule in *People v. Reddick* (1988), 123 Ill. 2d 184, should be applied retroactively to a case under consideration in a State post-conviction proceeding.

In 1983, defendant was charged by information with the offenses of murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(1)), attempted murder (Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a)) and armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2). The charges stemmed from an incident in which defendant allegedly fired a pistol, fatally wounding one victim and seriously wounding another. Defendant was found guilty by a jury of murder and armed violence and sentenced to 25- and 10-year concurrent terms of imprisonment. Defendant appealed the judgment, and this court reversed and remanded for a new trial on the basis of *People v. Lynch* (1984), 104 Ill. 2d 194. *People v. Qualls* (1984), 127 Ill. App. 3d 1167 (unpublished order under Supreme Court Rule 23).

In June 1985, a second jury trial was held. Prior to deliberation, the jury was instructed on the offenses of murder and voluntary manslaughter in accordance with Illinois Pattern Jury Instructions, Criminal, Nos. 7.02, 7.05 and 7.06 (2d ed. 1981) (hereinafter IPI Criminal 2d). IPI Criminal 2d No. 7.02 informed the jury of the propositions necessary for the State to prove the charge of murder; IPI Criminal 2d No. 7.05 provided a definition of the crime of voluntary manslaughter; and IPI Criminal 2d No. 7.06 informed the jury of the propositions necessary for the State to prove a charge of voluntary manslaughter. Defendant was again found guilty of murder and armed violence and sentenced to 25- and 10-year concurrent terms of imprisonment. Defendant's post-trial and supplemental post-trial motions were subsequently denied, and defendant appealed. In January 1987, this court affirmed defendant's convictions. *People v. Qualls*

(1987), 151 Ill. App. 3d 1162 (unpublished order under Supreme Court Rule 23).

In 1988, the Illinois Supreme Court held, in *People v. Reddick* (1988), 123 Ill. 2d 184, 198, that the reading of IPI Criminal 2d Nos. 7.02, 7.04 and 7.06 together constituted grave error. The court concluded that the instructions when read together "erroneously state[d] the burdens of proof on the issues of whether the defendants acted under either intense passions or unreasonable beliefs that their actions were justified." (*Reddick*, 123 Ill. 2d at 194.) The instructions, as they existed at that time, would have rendered it impossible for a jury to convict a defendant of voluntary manslaughter because, even if the defendant had proved the mitigating mental state, it would not necessarily have been proved by the State as required by the instructions. (*Reddick*, 123 Ill. 2d at 194-95.) Although it recognized an error in *Reddick*, the court did not explicitly hold the error to be one of constitutional dimension. Instead, the court relied upon the affirmative defense provisions in the Criminal Code of 1961 in allocating the burdens of proof for the offenses of murder and voluntary manslaughter. See *People v. Shields* (1991), 143 Ill. 2d 435, 443.

On January 31, 1989, defendant, *pro se*, filed his petition for post-conviction relief. Defendant alleged that he was denied his right to due process because the jury, at his second trial in 1985, had been instructed contrary to the rule in *Reddick*.

During the time defendant's petition was pending, yet prior to the Illinois Supreme Court's explicit recognition that a *Reddick* error was one implicating constitutional rights (see *People v. Flowers* (1990), 138 Ill. 2d 218, 235-37), the United States Court of Appeals for the Seventh Circuit, in *Falconer v. Lane* (7th Cir. 1990), 905 F.2d 1129, held that the instructional error identified in *Reddick* denied a defendant due process and, in affirming the lower court's decision granting *habeas corpus* relief, stated that "the district court's decision in this case effectuated the holding of *Reddick* through the vehicle of the Due Process Clause." *Falconer*, 905 F.2d at 1136.

In September 1990, approximately three months after *Falconer* was decided and prior to the disposition of defendant's petition, the Illinois Supreme Court in *People v. Flowers* (1990), 138 Ill. 2d 218, 237-39, held that the rule in *Reddick* was a new constitutional rule of criminal procedure and that it would not be applied retroactively to a case under consideration in a post-conviction proceeding.

On November 2, 1990, the trial court denied defendant's petition for post-conviction relief on the basis of the Illinois Supreme Court's decision in *Flowers*. Defendant appeals from that order.

Defendant contends that the Federal district court's subsequent grant of *habeas corpus* relief to Marvin Flowers (the defendant in the Illinois Supreme Court decision) signaled a "reversal" of the Illinois Supreme Court's decision in that case. (See *United States ex rel. Flowers v. Illinois Department of Corrections* (N.D. Ill. 1991), 767 F. Supp. 880, *aff'd* (7th Cir. 1992), 962 F.2d 703.) In his reply brief, defendant cites additional Federal decisions that either grant or affirm the grant of *habeas corpus* relief to defendants alleging violations of Federal due process rights stemming from the jury instructions discredited by *Reddick*. See, *e.g., Taylor v. Gilmore* (7th Cir. 1992), 954 F.2d 441.

In *Taylor*, the court considered the issue of retroactive application on collateral review of the rule it announced in *Falconer* and the rule announced in *Reddick*. In order to reach its decision, the court found it necessary to "dispel the lingering impression" that its holding in *Falconer* imparted "federal constitutional content" to *Reddick*. (*Taylor*, 954 F.2d at 448.) The court further concluded that because *Reddick* did not rest upon Federal due process principles the defendant in *Taylor* could not "reap the benefit of *Reddick* on collateral review, [because the court] may not grant habeas relief to remedy an error of state law." (*Taylor*, 954 F.2d at 449.) Thus, contrary to defendant's assertion here, the court did not hold that *Reddick* would apply retroactively on collateral review.

The court later concluded, however, that its holding in *Falconer* could be applied retroactively because it did not state a new rule of constitutional magnitude. (*Taylor*, 954 F.2d at 453.) In reaching its decision, the court shifted its rationale from one of "effectuat[ing] the holding of *Reddick* through the vehicle of the Due Process Clause" to one based upon established precedent that recognized constitutional violations stemming from vague and confusing jury instructions. *Falconer*, 905 F.2d at 1136; see *Flowers v. Illinois Department of Corrections* (7th Cir. 1992), 962 F.2d 703, 709 (Easterbrook, J., concurring).

█▌ █ While it is apparent that the lower Federal courts are at odds with the Illinois Supreme Court's determination concerning the retroactivity of *Reddick* in post-conviction litigation, and, in defendant's opinion, we should follow the "lead of the federal courts," we refuse to depart from our supreme court's holding in *Flowers*, as that decision is the law of our State. (*People v. Von Perbandt* (1991), 221 Ill. App. 3d 951, 957.) Decisions of the United States District Court and the Court of Appeals are not binding upon the State courts (*People v. Fields* (1990), 135 Ill. 2d 18, 72) and are held to be no more than persuasive authority (*People v. Stansberry* (1971), 47 Ill. 2d 541,

545). Moreover, it is fundamental that the appellate court is without authority to modify the decisions of the State supreme court. (*Village of Deerfield v. Greenberg* (1990), 193 Ill. App. 3d 215, 220; *People v. Nurse* (1985), 131 Ill. App. 3d 590, 594.) Therefore, in the absence of a directive from our supreme court, or contrary authority from the United States Supreme Court, we affirm the trial court's denial of defendant's post-conviction petition.

For the foregoing reasons, we affirm the order of the circuit court of Lake County denying defendant's post-conviction petition.

Affirmed.

DUNN and BOWMAN, JJ., concur.