No. 3--05-0280
filed July 14, 2006

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| BARBARA BEHRENS and KIRK BEHRENS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 02--L--36 |
| HARRAH'S ILLINOIS | ) | |
| CORPORATION, d/b/a Harrah's Joliet Casino, | ) ) ) | |
| Defendant-Appellee. | ) ) | Honorable Robert L. Carter, Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiffs, Barbara and Kirk Behrens, sued Harrah's Joliet Casino (Harrah's) to recover damages for catastrophic injuries which resulted from an automobile accident. The circuit court of La Salle County granted defendant's motion to dismiss plaintiffs' complaint. Plaintiffs appeal, claiming the dismissal of their complaint was erroneous. We affirm.

BACKGROUND

As the circuit court dismissed plaintiffs' amended complaint pursuant to section 2--615 of the Illinois Code of Civil

Procedure (the Code) (735 ILCS 5/2--615 (West 2004)), the following facts, which we take as true for purposes of our decision, are taken from the amended complaint. Barbara Behrens was a salaried employee of Harrah's. In the early morning hours of October 19, 1998, Barbara was traveling to her residence in Streator, Illinois, when she was involved in a single-car accident.

Barbara had worked overtime for several days preceding October 19, 1998. On the night of October 18, and during the early morning hours of October 19, 1998, she again worked overtime. Defendant Harrah's had a new employment policy that was transmitted to the employees via a memorandum. That memorandum indicated that all employees and managers in Barbara's department would work overtime in the event that other employees failed to show up for work or were ill. As a result of this policy, Barbara worked 13 hours for the October 16, 1998, workday, 13 hours for the October 17, 1998, workday, and 12½ hours for the October 18, 1998, workday.

Plaintiffs' complaint alleges that as a result of working overtime, Barbara became fatigued while driving her vehicle home from work, fell asleep at the wheel, and drove her vehicle into a ditch. The vehicle flipped end-over-end and stopped once it hit an electrical pole.

Plaintiffs allege that Harrah's was guilty of negligence for: (1) failing to monitor the physical condition of its employees prior to having the employees leave work; (2) overworking the salaried employees in an attempt to cut costs, thereby causing the salaried employees to be overly exhausted while working and traveling to and from work; and (3) failing to properly staff Barbara's department so that salaried employees did not have to work excessive overtime. Plaintiffs' further allege that defendant's negligence was the proximate cause of Barbara's accident and injuries.

Harrah's filed a motion to dismiss plaintiffs' amended complaint pursuant to sections 2--615 and 2--619 of the Code. 735 ILCS 5/2--615, 2--619 (West 2004). Defendant claimed that the plaintiffs failed to state a legally recognized cause of action, as Illinois law does not recognize a duty by employers to safeguard employees in their travel to and from work while they are outside the course of their employment. Defendant noted that plaintiffs did not plead that Barbara was in the course of her employment at the time of the accident and, therefore, alleged that dismissal was proper. The trial court agreed and dismissed plaintiffs' amended complaint with prejudice. Plaintiffs appeal.

ANALYSIS

We review the granting of a section 2--615 motion to dismiss *de novo*. *Neade v. Portes*, 193 Ill. 2d 433, 739 N.E.2d 496

3

(2000). A section 2--615 motion should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiffs to recover. *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253 (1982). In ruling on such a motion, the court may consider only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 660 N.E.2d 863 (1995). On review of an order granting a section 2--615 motion, all well-pled facts and all reasonable inferences from them are taken as true. *First National Bank of Decatur v. Mutual Trust Life Insurance Co.*, 122 Ill. 2d 116, 522 N.E.2d 70 (1988).

To properly plead an action based in negligence, plaintiff must allege facts sufficient to establish that defendant owed a duty of care to plaintiff, that defendant breached that duty, and that the breach was the proximate cause of plaintiff's injuries. *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 116. Whether a duty of care exists is a question of law, which must be resolved by the court. *O'Hara v. Holy Cross Hospital*, 137 Ill. 2d 332, 561 N.E.2d 18 (1990). "If no duty exists, it is axiomatic that no recovery can occur." *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 116.

Plaintiffs ask this court to find that Harrah's owed a duty

4

to Barbara Behrens to ensure that she was sufficiently able to drive herself home after her shift. In support of their request, plaintiffs catalog numerous statutes enacted by the Illinois legislature to protect workers. See 820 ILCS 105/4a(1), (2)E (West 2004); 820 ILCS 140/2 (West 2004); 820 ILCS 145/1 *et seq.* (West 2004); 820 ILCS 305/1 *et seq.* (West 2004). However, none of these statutes impose a duty upon an employer to ensure that an employee, who is off the clock and not in the course of his or her employment, drives home safely. Plaintiffs contend that, given the overwhelming amount of legislation enacted to protect workers in this state, it was reasonably foreseeable that requiring an employee to work as many hours as Harrah's required Barbara to work could result in sleep deprivation and lead to an automobile accident. Therefore, plaintiffs argue that this court should find that Harrah's owed such a duty to Barbara.

Barbara argues that she was required to work overtime as a salaried employee so that Harrah's could avoid paying overtime to hourly employees for the same work and, therefore, Harrah's should be responsible for her accident. This argument has no merit. Whether Barbara was being paid overtime for the hours she worked had no proximate-cause relationship to her level of fatigue and, therefore, the accident.

When considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the

5

likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 582 N.E.2d 108 (1991); *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 513 N.E.2d 387 (1987).

The first two factors do little to support plaintiff's position. Even assuming the foreseeability-of-the-injury factor weighs in favor of imposing a duty on the defendant, "foreseeability alone provides an inadequate foundation upon which to base the existence of a legal duty." *Ward v. K mart*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990), citing *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 525, 513 N.E.2d 387, 396 (1987). An employer should be able to presume that the person in the best position to avoid driving while excessively fatigued, the employee, will either ask for a ride from someone or pull off the roadway and rest if necessary.

The final two factors set forth by the supreme court, the magnitude of the burden of guarding against an injury and the consequences of placing that burden on the defendant, weigh heavily against imposing a duty on an employer to ensure that its off-duty employees drive home safely and sufficiently rested. Before finding that a duty exists, a court must take into account

6

the public policy and social requirements of the time and community. *O'Hara v. Holy Cross Hospital*, 137 Ill. 2d 332, 561 N.E.2d 18 (1990).

The burden plaintiffs request us to place on an employer would be enormous. Would this duty be violated if the employee started the shift tired due to no fault of the employer? Or, would this duty only be violated if it is a policy of the employer that causes the injured party to lose sleep? If the latter is the case, would the duty be violated if the employee were to lay awake at night considering job-related duties and became tired, or would it only apply if the employee was tired due to the employee's presence at work for a certain amount of time? Undoubtedly, individual employees are in the best position to determine whether they are sufficiently rested to drive home safely. An employer is in a much inferior position when it comes to making this determination. Many people routinely work 12-hour "shifts," including lawyers, police officers, construction workers, doctors, and nurses, to name a few. As a matter of law, there is nothing unreasonable, by itself, about scheduling 12-hour "shifts." Even those working eight-hour "shifts" can become fatigued while at work, sometimes because of the nature of the work and other times because of reasons beyond the control of the employer, such as lack of adequate rest when not working, stress

7

from family or social relationships, and the list goes on. Moreover, even if an employer did determine that an employee was too tired to drive home after the employee's shift, we are aware of no authority that would allow an employer to stop the employee from leaving the work place and driving home. Once the employee's workday has ended, the employer's ability to control physical conditions surrounding the employee is nonexistent. Faced with such a legal duty, would employers refuse to hire those with commutes of more than a few minutes, or even those not within walking distance of the place of employment? We believe that placing this burden on employers would be poor social policy that is likely to have an onerous impact, not only on employers, but also on the workforce.

After considering the four factors that the supreme court tells us to consider in determining whether a duty exists, we hold that no duty existed requiring the employer to assure that an employee could drive home safely after working overtime.

Barbara's next contention is that "she must have a right to sue." Failure to recognize her negligence action, she maintains, infringes upon her constitutional right to bring a lawsuit against someone. Barbara submits that this right is given to her and all wronged parties by article I, section 12 of the Illinois Constitution of 1970 which states:

"Every person shall find a certain remedy

8

in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation.  He shall obtain justice by law, freely, completely, and promptly."  Ill. Const. 1970, art. I, §12.

Plaintiffs acknowledge that the remedy and justice provision of the state constitution does not mandate the creation of a cause of action where one did not exist.  See *Stephens v. Trinity Medical Center*, 292 Ill. App. 3d 165, 685 N.E.2d 403 (1997).  Nevertheless, plaintiffs cite this provision and request that we use it as authority to create a new cause of action here.  We decline to do so.

Our supreme court has repeatedly held that the remedy and justice provision of the Illinois Constitution of 1970 is merely an expression of a philosophy and not a mandate that a certain remedy be provided in any specific form.  *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 732 N.E.2d 488 (2000); *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992); *Sullivan v. Midlothian Park District*, 51 Ill. 2d 274, 281 N.E.2d 659 (1972).  The provision was "not meant to have a substantive effect on Illinois law."  *Huter v. Ekman*, 137 Ill. App. 3d 733, 735, 44 N.E.2d 1224, 1226 (1985).  Even if article I, section 12, were a mandate, to avoid an absurd construction the phrase "all

9

injuries and wrongs" must be read in the conjunctive. Read in the disjunctive, it would seem to give a constitutional right to recover damages for every "injury," regardless of the cause, and for every "wrong," even in the absence of damages proximately resulting from the wrong. Read in the conjunctive, it must be an injury <u>and</u> a wrong. We have already held that the employer breached no duty and, therefore, there was no "wrong." Article I, section 12, of the Illinois Constitution of 1970 does not require that the plaintiffs be allowed to bring a common law cause of action against Harrah's.

Plaintiffs' final contention is that had Barbara injured someone else on her drive home, that injured party "would have had a cause of action for negligence against Harrah's." Therefore, plaintiffs contend that denying them the right to also bring an action for negligence against Harrah's violates their constitutional guarantees of "equal protection under the law for all." See U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2. This argument is without merit for a number of reasons.

To support their contention that a third party injured during Barbara's drive home could have successfully maintained an action against Harrah's, plaintiffs cite to an Oregon Court of Appeals case (*Faverty v. McDonald's Restaurants of Oregon, Inc*., 133 Or. App. 514, 892 P.2d 703 (1995)) and an unreported case

10

from the United States District Court from the Eastern District of Pennsylvania (*Lesser v. Nordstrom, Inc.*, No. 96--8121, No. 97--6070 (E.D. Penn. August 13, 1998)). We, of course, are not bound to follow decisions by federal courts other than the United States Supreme Court (*People v. Qualls*, 233 Ill. App. 3d 394, 599 N.E.2d 141 (1992)) or decisions by courts of any state other than Illinois. *Kroger Co. v. Department of Revenue*, 284 Ill. App. 3d 473, 673 N.E.2d 710 (1996). We believe the dissent in *Faverty* is better reasoned. The 5 to 4 decision of the Oregon appellate court stands alone as an aberration in negligence law.

Recently, in *Brewster v. Rush-Presbyterian-St. Luke's Medical Center*, 361 Ill. App. 3d 32, 836 N.E.2d 635 (2005), the First District Appellate Court upheld the dismissal of an injured third party's complaint against the employer of a driver suffering from an alleged employment-related sleep deprivation. *Brewster*, 361 Ill. App. 3d at 37. In *Brewster*, a first-year medical resident was driving home following a 36-hour work shift when she fell asleep behind the wheel and struck a car driven by the plaintiff. *Brewster*, 361 Ill. App. 3d at 35. The plaintiff in *Brewster* sued the hospital for which the resident worked, claiming that it was negligent in that it knew or should have known that the resident was sleep deprived when she left the hospital. *Brewster*, 361 Ill. App. 3d at 35. The circuit court granted the employer hospital's section 2--615 motion to dismiss

11

and the appellate court affirmed, holding that employer hospitals are not liable to third parties for the conduct of off-duty, employee resident physicians who are required to work excessive hours. *Brewster*, 361 Ill. App. 3d at 37.

Even without *Brewster*, plaintiffs' argument that a fatigued driver and the driver struck by a fatigued driver are similarly situated fails. As we pointed out earlier, the fatigued driver is in the best position to know of his/her fatigue and to stay off the roadway. The person struck by the fatigued driver is, on the other hand, by definition, the victim of the negligence of one who chooses to drive despite being too tired to do so safely.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

McDADE and SLATER, JJ., concur.

12