KEVIN STRICKLAND *et al.*, Plaintiffs-Appellants, v. KEVIN KOTECKI *et al.*, Defendants-Appellees.

Third District   No. 3—07—0831

Opinion filed July 15, 2009.

Melinda Rowe (argued), of Schweickert & Ganassin, of Peru, for appellants.

Matthew K. Krueger (argued) and Erik E. Carlson, both of Brassfield, Krueger & Ramlow, Ltd., of Streator, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs, Carrie and Kevin Strickland (Kevin S.), filed a three-count complaint against defendants, Janet and Kevin Kotecki (Kevin K.), for injuries Kevin S. sustained when he jumped over a fence to stop Kevin K. from committing suicide. Defendants filed a motion to dismiss, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2006)). The trial court granted the motion. On appeal, plaintiffs argue that the trial court should have applied the rescue doctrine to sustain their complaint. We affirm in part and reverse in part.

## BACKGROUND

On January 8, 2006, Janet could not find her husband, Kevin K., and feared that he was going to attempt suicide. As a result, Janet called Carrie, her sister, and requested that she and her husband, Kevin S., help her find Kevin K. The three of them inspected a fenced-in business property and saw Kevin K.'s vehicle behind a locked gate. The vehicle had a hose running from its exhaust pipe to the passenger window. When Kevin S. jumped over the fence to rescue Kevin K., he injured his right foot.

Carrie and Kevin S. filed a complaint against Janet and Kevin K. The complaint alleged negligence against both Janet and Kevin K. and a loss of consortium claim against only Kevin K. Plaintiffs filed a motion to dismiss pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 2006)). The trial court granted the motion, without prejudice, with leave to file an amended complaint.

Plaintiffs' first and second amended complaints were also dismissed without prejudice. In count I of plaintiffs' third amended complaint, they alleged that Kevin K.:

"a. Placed himself in a situation where he knew others might or could attempt rescue;

b. Placed himself in a situation where he knew others might or could attempt rescue, and so placed himself in an area behind a locked gate;

c. Knew or should have known that others would place themselves in danger to attempt preventing a suicide;

d. Placed himself in a situation where he knew, or should have known, that an individual like Plaintiff KEVIN STRICKLAND—

untrained in the provision of rescue services—would attempt to render assistance; [and]

 e. Placed himself in a situation where he knew, or should have known, that Plaintiff KEVIN STRICKLAND, a relative by marriage, would attempt to prevent him from committing suicide."

Count I further alleged that Kevin K. owed a "reasonable duty of care to others, including Plaintiffs KEVIN STRICKLAND and CARRIE STRICKLAND," and that Kevin K.'s negligent acts caused Kevin S. injuries, lost wages, pain, discomfort, disability and loss of normal life.

 Count II of the third amended complaint alleged that Janet "requested and/or demanded that Plaintiff KEVIN STRICKLAND attempt to rescue KEVIN KOTECKI" and claimed that Janet (1) placed Kevin S. in a situation where she knew or should have known that he would attempt to rescue Kevin K., (2) failed to advise Kevin S. that he did not have to climb over the fence to reach Kevin K., and (3) failed to contact professional rescue personnel. Count II also alleged that Janet "owed a reasonable duty of care to *** Plaintiffs KEVIN STRICKLAND and CARRIE STRICKLAND" and that Kevin S. was injured as a result of Janet's acts or omissions.

 Count III contained the same allegations as count I but instead of alleging that Kevin S. was injured, alleged that Carrie suffered loss of consortium as a result of the injuries her husband sustained when he attempted to rescue Kevin K. Defendants again filed a section 2—615 motion to dismiss. The trial court granted the motion, stating: "I don't believe there's any cause of action for negligence when someone attempts to rescue someone in peril in this particular situation under these set of facts ***." The trial court dismissed plaintiffs' third amended complaint with prejudice.

## ANALYSIS

 We review the granting of a section 2—615 motion to dismiss *de novo. Behrens v. Harrah's Illinois Corp.*, 366 Ill. App. 3d 1154, 1156, 852 N.E.2d 553, 555 (2006). A section 2—615 motion should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiffs to recover. *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555. When reviewing an order granting a section 2—615 motion, a court must take as true all well-pled facts and all reasonable inferences. *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555.

 To properly plead an action based on negligence, plaintiff must allege facts sufficient to establish that defendant owed a duty of care to plaintiff, that defendant breached that duty, and that the breach was the proximate cause of plaintiff's injuries. *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555. Whether a duty of care exists is a question of

law, which must be resolved by the court. *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555. When considering whether a duty exists, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *Behrens*, 366 Ill. App. 3d at 1157, 852 N.E.2d at 556.

# I

Plaintiffs argue that the allegations in counts I and III of their complaint were sufficient to establish that Kevin K. was negligent and that the rescue doctrine was applicable. Defendants respond that plaintiffs did not sufficiently plead negligence because counts I and III fail to allege the existence of a duty.

■ Illinois has long recognized the rescue doctrine. See *Seibutis v. Smith*, 83 Ill. App. 3d 1010, 1015-16, 404 N.E.2d 950, 954 (1980), citing *Devine v. Pfaelzer*, 277 Ill. 255, 115 N.E.2d 126 (1917), and *West Chicago Street R.R. Co. v. Liderman*, 187 Ill. 463, 58 N.E. 367 (1900). The rescue doctrine arises when a plaintiff brings a negligence action against a defendant whose negligence has placed a third party in a position of peril. *Seibutis*, 83 Ill. App. 3d at 1015-16, 404 N.E.2d at 954; *McGinty v. Nissen*, 127 Ill. App. 3d 618, 620, 469 N.E.2d 445, 447 (1984). If the plaintiff is injured in the attempted rescue, he is allowed to negate a presumption that (1) his intentional act of rescue is the superseding cause of his injuries, thereby allowing him to prove that defendant's negligence is the proximate cause of his injuries, and (2) he is guilty of contributory negligence by the mere act of voluntarily assuming a known risk of harm unless he acts rashly or recklessly. *Seibutis*, 83 Ill. App. 3d at 1016, 404 N.E.2d at 954; *McGinty*, 127 Ill. App. 3d at 620, 469 N.E.2d at 447.

"Essentially, the [rescue] doctrine provides that it is always foreseeable that someone may attempt to rescue a person who has been placed in a dangerous position and that the rescuer may incur injuries in doing so." *Williams v. Foster*, 281 Ill. App. 3d 203, 207, 666 N.E.2d 678, 681 (1996). Whether the rescue doctrine applies is generally a question for the jury. See *Williams*, 281 Ill. App. 3d at 208, 666 N.E.2d at 681; *Seibutis*, 83 Ill. App. 3d at 1016-17, 404 N.E.2d at 954-55.

Illinois courts have not decided whether the rescue doctrine allows a rescuer to bring a negligence action against a defendant who places himself in danger when the rescuer is injured in the attempted rescue. *Seibutis*, 83 Ill. App. 3d at 1015-16, 404 N.E.2d at 954. Thus, we look to decisions and authorities from outside this state. See *In re Marriage of Minix*, 344 Ill. App. 3d 801, 805, 801 N.E.2d 1201, 1204 (2003)

(where there is an absence of Illinois authority, it is appropriate to look to the law of other states).

Every court reaching the issue has held that the rescue doctrine allows a rescuer to recover from defendants who place themselves in danger. See *Ganno v. Lanoga Corp.*, 119 Wash. App. 310, 80 P.3d 180 (2003); *Sears v. Morrison*, 76 Cal. App. 4th 577, 90 Cal. Rptr. 2d 528 (1999); *Saltsman v. Corazo*, 317 N.J. Super. 237, 721 A.2d 1000 (1998); *Hollingsworth v. Schminkey*, 553 N.W.2d 591 (Iowa 1996); *Ouellette v. Carde*, 612 A.2d 687 (R.I. 1992); *Lassiter v. Warinner*, 235 Va. 274, 368 S.E.2d 258 (1988); *Lowrey v. Horvath*, 689 S.W.2d 625 (Mo. 1985); *Provenzo v. Sam*, 23 N.Y.2d 256, 244 N.E.2d 26, 296 N.Y.S.2d 322 (1968); *Henneman v. McCalla*, 260 Iowa 60, 148 N.W.2d 447 (1967); *Britt v. Mangum*, 261 N.C. 250, 134 S.E.2d 235 (1964); *Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285 (1963); *Talbert v. Talbert*, 22 Misc. 2d 782, 199 N.Y.S.2d 212 (1960); *Longacre v. Reddick*, 215 S.W.2d 404 (Tex. Civ. App. 1948); *Lynch v. Fisher*, 34 So. 2d 513 (La. App. 1948); *Carney v. Buyea*, 271 A.D. 338, 65 N.Y.S.2d 902 (1946); *Brugh v. Bigelow*, 310 Mich. 74, 16 N.W.2d 668 (1944). The Missouri Supreme Court explained:

> "There is no logical basis for distinguishing between the situation in which recovery is sought against a defendant whose negligence imperiled some third party, and the situation in which recovery is sought against a defendant who negligently imperiled himself." *Lowrey*, 689 S.W.2d at 628.

Commentators agree that the rescue doctrine can be used by rescuers to recover for damages they sustain while assisting rescued people who placed themselves in danger. See 1 D. Dobbs, Torts §184, at 456 (2001) ("Even when the defendant puts only himself in danger, courts have held him liable for injury to his own rescuer suffered in the course of a rescue attempt"); 65A C.J.S. *Negligence* §124 (1989) (rescue doctrine "is not rendered inapplicable because suit is brought against the person being rescued"); W. Keeton, Prosser & Keeton on Torts §44, at 307-08 (5th ed. 1984) (a duty of care is owed to a rescuer "even when the defendant endangers no one's safety but the defendant's own"); W. Craig, Annot., *Rescue Doctrine: Negligence & Contributory Negligence in Suit by Rescuer Against Rescued Person*, 4 A.L.R.3d 558, 559 (1965) ("Since recovery would ordinarily be allowed the rescuer as against some third person whose negligence imperiled the victim, it appears to be but a logical application of the well-established doctrine to allow recovery against the victim himself if it was his negligence which prompted the rescuer's actions"); Restatement (Second) of Torts §445, Comment *d*, 472 (1965) (the rescue doctrine "applies equally where the conduct of the actor has created a danger only to

himself, if at the time of such conduct he should reasonably anticipate that others might attempt to rescue him from his self-created peril, and sustain harm in doing so").

We agree with the overwhelming authority that allows a rescuer to recover from a rescued party if the rescuer is injured in the course of a rescue. Like them, we find no logical reason to distinguish situations in which defendants place someone else in danger and situations in which defendants place themselves in danger. See *Lowrey*, 689 S.W.2d at 628.

However, this does not end our analysis. Defendants contend that even if the rescue doctrine can be used against a rescued person, it cannot be applied here because people attempting suicide do not owe a duty to those attempting to rescue them.

At least one court has analyzed this issue and found that the rescue doctrine allows a cause of action to be brought by a rescuer against someone who attempts suicide. In *Talbert*, 22 Misc. 2d 782, 199 N.Y.S.2d 212, the plaintiff sued his father for injuries he sustained when he smashed the door of a garage to stop his father from taking his own life. The defendant filed a motion to dismiss, arguing that he owed no duty to plaintiff. The court denied the motion, finding that defendant owed a duty to those in the vicinity who might attempt to rescue him, stating:

> "The defendant, by locking all doors to the garage as he did and by sitting in the car with the motor running, exposed himself to undue risk of injury. This act was wrongful to plaintiff because it caused that undue risk of injury to defendant which consequently brought about the attempt to rescue him to plaintiff's injury." *Talbert*, 22 Misc. 2d at ___, 199 N.Y.S.2d at 216.

The court rejected the defendant's contention that plaintiff's attempted rescue was not reasonably foreseeable, stating:

> "It was not necessary that the defendant reasonably foresee the manner in which the attempted rescue was going to be made. It is sufficient that the situation in which defendant placed himself was a dangerous one and invited rescue." *Talbert*, 22 Misc. 2d at ___, 199 N.Y.S.2d at 216.

This analysis follows the simple logic of the rescue doctrine.

In his landmark legal treatise, Professor Francis H. Bohlen stated that a person attempting suicide may be liable to a rescuer who is injured while attempting to stop the suicide attempt. According to Professor Bohlen, "[A] person who carelessly exposes himself to danger or who attempts to take his life in a place where others may be expected to be, does commit a wrongful act towards them in that it exposes them to a recognizable risk of injury." F. Bohlen, Studies in the Law of Torts 569 n.33 (1926).

■ Here, plaintiffs alleged in counts I and III of their complaint that Janet contacted them because she was concerned that her husband was going to attempt suicide. Thereafter, plaintiffs and Janet found Kevin K.'s vehicle with a hose running from the exhaust pipe to the passenger window. Plaintiffs alleged that Kevin K. "[p]laced himself in a situation where he knew others might or could attempt rescue \*\*\* in an area behind a locked gate" and "[k]new or should have known others would place themselves in danger to attempt preventing a suicide." These allegations establish that it was foreseeable, if not likely, that someone would attempt to rescue Kevin K. and become injured in the process. By attempting suicide in a location where his wife, sister-in-law and brother-in-law might find him, Kevin K. placed himself in a dangerous situation that invited rescue. Under the rescue doctrine, he owed a duty to his rescuer.

Because counts I and III of plaintiff's third amended complaint adequately allege a duty, along with the other elements of negligence, the trial court erred in dismissing those counts for failure to state a claim. See *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555.

## II

■ The trial court properly found that in count II plaintiffs failed to state a cause of action against Janet. Plaintiffs alleged that Janet was liable for Kevin S.'s injuries merely because she "requested and/or demanded" that Kevin K. assist her husband. These allegations fail to establish the existence of any duty on Janet's part. In the absence of a duty, there can be no negligence. See *Behrens*, 366 Ill. App. 3d at 1156, 852 N.E.2d at 555. Thus, the trial court properly dismissed that cause of action.

## CONCLUSION

The judgment of the circuit court of LaSalle County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

HOLDRIDGE and SCHMIDT, JJ., concur.