No. 3-09-0709

_____

Filed June 9, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| TODD A. STRONG, | ) | Appeal from the Circuit Court |
| | ) | of the Tenth Judicial Circuit |
|     Plaintiff-Appellant and | ) | Peoria County, Illinois |
|     Cross-Appellee, | ) | |
| | ) | |
|     v. | ) | No. 08-L-72 |
| | ) | |
| THE CITY OF PEORIA, | ) | |
| | ) | Honorable |
|     Defendant-Appellee and | ) | Joe Vespa |
|     Cross-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LYTTON delivered the opinion of the court:

_____

Plaintiff, Todd A. Strong, filed a negligence action against defendant, City of Peoria, seeking monetary damages from defendant for demolishing a residential dwelling without providing him notice.  Following a bench trial, the court awarded plaintiff $2,238.01.  Plaintiff appeals the trial court's award of damages.  Defendant cross-appeals, arguing that plaintiff was not entitled to damages.  We affirm.

On November 1, 2004, plaintiff paid $720.56 for the delinquent 2003 real estate taxes for the property commonly known as 717 W. Columbia Terrace in Peoria and received a tax lien certificate for the property.  He later paid $1,517.45 for the delinquent 2004 and

2005 real estate taxes on the property.

On January 18, 2007, plaintiff filed a petition for tax deed. On January 24, 2007, plaintiff served a notice of expiration of period of redemption on the city clerk's office. On January 26, 2007, plaintiff published the notice in the Peoria Journal Star.

On May 1, 2007, the redemption period expired. On May 7, 2007, the circuit court held a hearing on plaintiff's petition for tax deed. The court ordered that the tax deed be issued to plaintiff. On June 22, 2007, the county clerk issued a tax deed to plaintiff and Becky S. Mansfield for 717 W. Columbia Terrace. The tax deed was filed in the county recorder of deeds on July 23, 2007.

Meanwhile, on April 25, 2007, defendant had entered into a written agreement with Nguyen Linh, the record owner of 717 W. Columbia Terrace, to demolish the house located there. On or about May 30, 2007, defendant demolished the house.

On March 3, 2008, plaintiff filed a complaint against defendant, claiming that he was entitled to damages because defendant failed to notify him prior to demolishing the house. The case proceeded to a bench trial.

At trial, plaintiff called Diana Joseph, a certified real estate appraiser, to testify. She prepared a real estate appraisal report at plaintiff's request. According to her report, the fair market value of 717 W. Columbia Terrace, including the house that

2

was located thereon, immediately before demolition was $24,000. Her report did not provide a value of the property after demolition, but she testified that the value of the property in its present state is about $2,200.

Glenda Williams, a City of Peoria code enforcement inspector, testified for defendant. In October 2006, she conducted a lien search of the property. A report of lien search was introduced as evidence. The report listed Nguyen Linh as the owner of the property. The report stated that 2003, 2004 and 2005 taxes were sold to "Todd Strong/Becky S. Mansfield" and provided an address for them. After receiving the report, Williams contacted Linh. Linh agreed to allow defendant to demolish the house on the property. Williams never sought or received consent from plaintiff to demolish the property.

The trial court found that plaintiff was "an interested person *** entitled to notice." It further found that the proper measure of plaintiff's damages was the property taxes that he paid for 2003, 2004 and 2005. The court entered an order in favor of plaintiff and against defendant for $2,238.01, plus costs.

I

Plaintiff argues that the trial court should have awarded him damages in the amount of $21,800, the difference between the value of the property before and after demolition.

"When a challenge is made to a trial court's ruling following

3

a bench trial, the proper standard of review is whether the trial court's judgment is against the manifest weight of the evidence." Carey v. American Family Brokerage, Inc., 391 Ill. App. 3d 273, 277, 909 N.E.2d 255, 259 (2009). "To reverse a finding of damages, a reviewing court must find that the trial judge ignored the evidence or that the measure of damages was erroneous as a matter of law." Carey, 391 Ill. App. 3d at 277, 909 N.E.2d at 259.

Compensatory damages are those that are awarded to a person as compensation, indemnity or restitution for a wrong or injury sustained by him. Gambino v. Boulevard Mortgage Corp., 398 Ill. App. 3d 21, 922 N.E.2d 380, 417 (2009). "The purpose of awarding compensatory damages is to make the injured party whole and restore him to the position he was in before the loss, but not to enable him to make a profit or windfall on the transaction." Gambino, 398 Ill. App. 3d at 61, 922 N.E.2d at 417.

The general rule for determining damages for real property that has been totally destroyed is the difference between the market value of the property before and after demolition. Hudlin v. City of East St. Louis, 227 Ill. App. 3d 817, 835, 591 N.E.2d 541, 553-54 (1992). However, this rule only applies when the person seeking damages holds title to the property at the time of the demolition. Schwartz v. City of Chicago, 21 Ill. App. 3d 84, 95, 315 N.E.2d 215, 224 (1974).

The Property Tax Code (Code) (35 ILCS 200/22-5 et seq. (West

4

2006)) sets forth the procedure for obtaining title to property through a tax deed. Pursuant to section 22-30 of the Code, the purchaser of a tax deed may file a petition three to five months prior to the expiration of the redemption period, "asking that the court direct the county clerk to issue a tax deed if the property is not redeemed from the sale." 35 ILCS 200/22-30 (West 2006). Section 22-40 of the Code provides that if the property has not been redeemed within the redemption period and the petitioner has complied with all provisions of law entitling him to a deed, the court shall enter an order directing the county clerk to issue a tax deed. 35 ILCS 200/22-40(a) (West 2006). Section 22-65 of the Code provides that a tax deed executed by the county clerk "vests in the grantee, his or her heirs and assigns, the title of the property therein described." 35 ILCS 200/22-65 (West 2006).

The plain language of the above statutes provides that the purchaser of a tax certificate does not acquire title until the county clerk issues the tax deed. In re Application of the County Treasurer & ex officio County Collector, 373 Ill. App. 3d 679, 685, 869 N.E.2d 1065, 1074 (2007); see also Illinois Ry. Museum, Inc. v. Siegel, 132 Ill. App. 2d 77, 82, 266 N.E.2d 724, 727 (1971) (a certificate of sale does not pass title to the purchaser until the redemption period expires and the tax deed is issued).

Here, the county clerk issued plaintiff a tax deed for 717 W. Columbia Terrace on June 22, 2007. Plaintiff acquired title to the

5

property on that date. He did not hold title to the property on May 30, 2007, when the home was demolished. Thus, he was not entitled to damages equal to the difference in market value of the property before and after the demolition. See Schwartz, 21 Ill. App. 3d at 95, 315 N.E.2d at 224.

Instead, plaintiff was entitled to compensatory damages that would restore him to the position he was in before the loss. See Gambino, 398 Ill. App. 3d at 61, 922 N.E.2d at 417. In this case, that loss can only be measured by the taxes paid, that is, plaintiff's out-of-pocket expenses. The evidence showed that plaintiff spent $2,238.01 for taxes on the property. Thus, the trial court's award of $2,238.01 was not against the manifest weight of the evidence.

## II

In its cross-appeal, defendant argues that plaintiff was entitled to no damages because he failed to establish that defendant had a duty to provide him with notice of the demolition.

To prove a negligence cause of action, the plaintiff must establish that defendant owed a duty of care to the plaintiff, that defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. Strickland v. Kotecki, 392 Ill. App. 3d 1099, 1101, 913 N.E.2d 80, 83 (2009). Whether a duty exists is a question of law, which we review de novo. Thomas v. Town of Cicero, 307 Ill. App. 3d 840, 843, 719 N.E.2d 187, 189

6

(1999).

Section 21-410 of the Code provides that the holder of a tax lien certificate "shall be made a party to any action or proceeding to demolish or destroy improvements on property where the property has been sold for failure to pay taxes and the period of redemption has not expired."  35 ILCS 200/21-410 (West 2006).  Additionally, section 11-31-1 of the Illinois Municipal Code provides: "All persons having an interest of record in the property, including tax purchasers *** shall be named as defendants in the [demolition] petition and shall be served with process."  65 ILCS 5/11-31-1(d) (West 2006).  Finally, the Peoria city code requires notice to be served upon "all owners of record or persons having an interest *** as shown by documents recorded in the office of the county recorder of deeds" when a building is found to be dangerous and subject to demolition.  Peoria Municipal Code §5-404(a) (1995).

Under both state law and the city's code, defendant had a duty to notify plaintiff, a tax lien certificate holder, of the impending demolition of the house at 717 W. Columbia Terrace.  See Schwartz, 21 Ill. App. 3d at 87, 315 N.E.2d at 219.  Defendant was made aware of plaintiff's identity and address by the report of lien search.  Nevertheless, defendant never notified plaintiff. Defendant breached its duty to notify and was liable to plaintiff for damages.

CONCLUSION

7

The order of the circuit court of Peoria County is affirmed.

Affirmed.

CARTER and O'BRIEN, JJ., concur.

8